# State of Vermont v. Lionel R. Goyet

[122 A2d 862]

February Term, 1956.

Present: **Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.**

Opinion Filed May 1, 1956.

168

*Frederick G. Mehlman* for the respondent.

*Robert T. Stafford*, Attorney General, and *Frederick M. Reed*, Deputy Attorney General, for the State.

**Jeffords, C. J.** The respondent was indicted for the crime of murder in the first degree. He filed a motion to permit his counsel to examine the transcript of the grand jury proceedings. This motion was denied by the trial court. The respondent also moved to quash and dismiss the indictment. This motion was also denied. Exceptions were allowed to the denial of each of these motions and the cause was passed to this Court before final judgment for hearing and determination of these exceptions.

We will first consider the exception to the court's denial of the motion for permission to examine the transcript of the proceedings of the grand jury. Five grounds are set forth in support of this motion. There is no need to set forth these grounds for the reasons which will appear later.

The pertinent sections of the statutes are V. S. 2367 and 2369 which read as follows:

Section 2367, V. S. 47, provides:

"At the expense of the state and upon the approval of the presiding judge, a clerk may take testimony before the grand jury for the use of the state's attorney."

Section 2369, V. S. 47, is as follows:

"The clerk shall not disclose testimony so taken by him, except to the attorney general, state's attorney and grand jury. The minutes of testimony so taken shall be the property of the state and the same or a copy thereof shall not go out of the possession of the attorney general, state's attorney or their successors, except to an attorney appointed by the court to act in the place of

or to assist the state's attorney. Nothing in this section shall prevent the clerk from disclosing such evidence on an order of the supreme or county court."

Counsel for the respondent in his brief and in oral argument concedes that the granting of a petition to examine the transcript of the proceedings of a grand jury is addressed to the discretion of this Court or to that of the county court under the last sentence in §2369 and he makes no claim that there was an abuse of discretion in denying the motion in the present case.

It is the contention of the respondent, and the only one here relied upon, that it should not be necessary to show through evidence cause for the granting of such a motion but, for various stated reasons, he should be entitled to have it granted as a matter of right. In support of this claim he relies upon the following language appearing in *State* v. *Brewster*, 70 Vt 341 at 348, 40 A 1037, 1039, 42 LRA 444:

" * * * the practice in this State, for more than one hundred years, has allowed the clerk and the state's attorney to take such minutes as they were able to take of the testimony of the witnesses, for further use. It may be that their duty under the law would restrain them from divulging such testimony to the public, or to the accused. But on the presumption, which exists until the truth of the charge is fully established by the verdict of the traverse jury, of the innocence of the accused, why should he not have an equal opportunity with the State to know and to prepare to meet, contradict and explain, the testimony brought against him?"

The respondent in that case was indicted for murder. A plea in abatement to the indictment was filed which was based on the ground that the state's attorney with the consent of the court and of the grand jury took his stenographer with him into the grand jury room. A demurrer to the plea was sustained.

That the above quoted passage from the opinion was mere dictum is shown from the statement appearing on page 352

which reads as follows: "In this review of the decisions of this State, and of the decisions of other courts, this Court is to be understood as deciding no more than that the irregularities shown in this case, under all the circumstances set forth in the plea, are insufficient to abate the indictment." It should be noted that the question appearing at the end of the first above quoted passage is not answered in the opinion. The answer well could be because a respondent could not be required to disclose to the State the evidence that he expected to present in his behalf.

■ It is clear that under the statutes above set forth and under our decisions the transcript of the proceedings of a grand jury are the property of the State for the benefit and use of and by the state's attorney and the attorney general and that leave to inspect the transcript by the respondent is not his as a matter of right but only by an order of this Court or of the county court upon application granted as a matter of discretion. *State* v. *Truba*, 88 Vt 557, 561, 93 A 293; *Clark* v. *Field*, 12 Vt 485. This is also the general rule. 23 CJS 265; 14 Am Jur 915.

There was no error in the denial of the motion to examine the transcript in the present case.

The State contends that the motion to quash and dismiss the indictment was not timely. Since both parties attach considerable importance to the questions presented in the present case we will assume, without so deciding, that it was timely.

The statutes that apply to this motion are V. S. 47, §§1586 and 3489 which provide as follows:

> "Sec. 1586. Duties of town clerks. Town clerks shall annually, between February 1 and 15, certify to the jury commissioners of their respective counties a list of names and post office addresses, which may be considered by the jury commissioners when they prepare the list of grand and petit jurors, of not less than ten per cent of the legal voters of their respective towns, who, in their opinion, are mentally, morally and physically qualified and are eligible to serve as jurors, but

in no case shall a town clerk so certify more than fifty names."

"Sec. 3489. Jury commissioners; duties. The assistant judges of the county court and the clerk of such court shall constitute a board of jury commissioners for their respective counties. Annually, in the month of February, such board shall prepare and file in the office of the county clerk a list of names for each town in the county of persons qualified to serve as grand and petit jurors in the county court. The petit jury list shall contain the names of not less than five nor more than ten per cent of the legal voters in each town. However, not more than fifty names shall at any time be included in the annual grand or petit jury list for any town. Grand or petit jurors, for service in the county court, shall be drawn from such lists."

The contention of the respondent is that the provisions in these statutes are mandatory and that they were not followed by the town clerks in Caledonia county as required under §1586 nor by the jury commissioners of that county under §3489.

■■ We first consider the provisions of §1586 which require town clerks to certify to the jury commissioners a list of names which may be considered by the jury commissioners. In determining whether the word "may" when used in a public statute is to be construed as imposing an absolute duty or merely a discretionary power, the general rule of statutory constructon should be applied that the true intent and purpose of the Legislature must be ascertained and given effect. The ordinary meaning of the language must be presumed to be intended, unless it would manifestly defeat the object of the provisions. *State* v. *Levine*, 117 Vt 320, 323, 91 A2d 678, and cases cited. We can think of no reason, and none which appeals to us has been advanced by the respondent, why the word "may" should not be given its ordinary meaning of permission or discretion. As applied to the present case it seems reasonable to believe that the Legislature only intended that the town clerks prepare a list of names of persons qualified

to serve as jurors as an aid to the jury commissioners in preparing the list of jurors under §3489. If a mandatory construction is given to "may" it is apparent the result would deprive the commissioners of all right to exercise their judgment as to the qualification of persons to serve as jurors and they would be bound to take the persons appearing on the lists certified to them by the town clerks even though it was known to one or all of the commissioners that some of the persons so certified were not qualified to serve. If such a construction were given it is clear that an absurd consequence would follow, and this must always be avoided if possible. *In re Swanton Market Area*, 112 Vt 285, 292, 23 A2d 536, and cases cited.

■ From the foregoing it follows and we so hold that jury commissioners are not required to confine themselves to the use of the list of jurors certified to them by town clerks under the provisions of §1586 in compiling their list of grand and petit jurors under the provisions of §3489.

Under this latter section the only requirement in respect to grand jurors is that the jury commissioners shall not include in their grand jury list more than fifty names from any town, in their county. From a tabulation appearing in the printed case which was stipulated by the parties to be an accurate statement of the number of persons from each town in the county appearing on the jury list of the commissioners it is seen that this statutory requirement was violated as to only the town of St. Johnsbury. For that town 54 names were listed. The question is then whether the failure in this instance to strictly comply with this statutory requirement makes the indictment void and the denying of the motion to quash and dismiss erroneous.

In *State* v. *Pilver*, 91 Vt 310, 100 A 674, a statutory requirement to the effect that jurors in criminal cases in municipal courts shall be drawn from a list of jurymen from every town in the county was not complied with for the reason that no person from the town of Burke was included in the jury list. The question there was whether this irregularity afforded a sufficient basis for challenge to the "array." It was held that it did not. On page 313 it is stated: "To be lawful the

jury must be constituted in substantial conformity with the statute; and a challenge to the array will be sustained for any material departure from the prescribed mode of selecting, listing, or drawing jurors."

■ In the present case the fact that from one town four more names than the statutory limit of fifty were included in the grand jury list cannot reasonably be considered as a material departure from the statutory limitation. There was a substantial compliance with the statutory requirement. The quotation from 38 CJS cited by the respondent has been noticed and the cases cited in its support are distinguishable from the present case for factual and other reasons.

■ Moreover, it does not appear that any person from the town of St. Johnsbury served on the grand jury in this case. Thus if there were error in the respect here claimed we would not reverse the ruling of the lower court on the motion here in question as the rights of the respondent would not have been injuriously affected thereby. *State* v. *Pilver, supra,* at page 314 citing Sup. Ct. Rule 7 now 9.

There was no error in the denial of the motion to quash and dismiss the indictment.

Since we have decided all of the questions presented to us for decision by the exceptions of the respondent we ordinarily would end the opinion at this point. However, the State has requested us to rule on the question of whether irregularities in the composition of the petit jury would invalidate a verdict of guilty against this respondent. As it appears to us that it would be in the public interest to grant this request not only because of the importance of the question in respect to the present case but also as to other cases we have agreed to grant it.

The request is made because under the tabulation above referred to it is shown that the jury commissioners did not follow the statutory requirements as to percentage under §3489 in respect to five towns in the county and the fifty name limit as to one town.

None of our cases has been cited, nor have we found any which are directly in point on the situation here presented.

However, there are several from this jurisdiction which are very helpful by way of analogy. We refer to some of them.

In the early case of *Briggs* v. *Georgia*, 15 Vt 61, a juror was not a freeholder, a statutory requirement. It was held that the lack of this qualification entitled the plaintiff to a new trial.

In *Quinn* v. *Halbert*, 52 Vt 353, it was held that because one of the jurors was an unnaturalized alien a new trial should be granted. Various reasons are set forth in the opinion for this holding, none of which apply to the situation in the present case.

In *State* v. *Cox*, 52 Vt 471, a person was drawn to serve as a juror in violation of a statute which forbade the putting of the names of persons in the jury box for the space of two years from a previous drawing of such persons as jurors. In holding that this violation did not vitiate the action of the grand jury in returning an indictment the Court said, "It is not shown, nor suggested, that the juror in question was not a lawful and proper man, in case he had not been drawn as a juror within the two years preceding his being drawn in this case * * * . Several cases have been before the Court within a few years past on questions of quite as serious irregularity as occurred in this case, in which such irregularity has been held not to vitiate the action of the jury."

In *State* v. *Champeau*, 52 Vt 313, the names of three jurors to serve on a grand jury were not drawn in strict accordance with the statutory method. It was held that the method of drawing was not such an irregulaity as to vitiate the indictment. It is said in the course of the opinion that it does not appear that the persons drawn were not proper persons to be drawn, or that any wrong or injury has resulted.

In the case of *State* v. *Brewster*, *supra*, 70 Vt 341, there was a plea in abatement to an indictment for murder. The ground for the plea was, in substance, the presence of the stenographer of the state's attorney in the grand jury room. The demurrer to the plea was sustained on the ground that the irregularities shown in the case were insufficient to abate the indictment.

At page 351 many decisions of this Court are cited to the effect that no technical irregularity in selecting, drawing or

impaneling the grand jury, if they are men qualified by law to act as grand jurors will avail a respondent, unless he shows that some irregularity has been prejudicial to him. It is then stated, "The court should not act upon a conjecture that it might have prejudiced him. It must be shown to have prejudiced, or be of such a character as would naturally prejudice his rights. Certainly no stricter rule should be applied in abating an indictment for such causes than is applied to set aside the verdict of a jury. The rule stated is the one this court has applied to setting aside verdicts of the jury." Cases cited.

■ Although the last three cases had to do with irregularities relating to the selecting or drawing of grand jurors the same rules and principles apply to the selection or drawing of petit jurors. This is made clear from cases cited in the Brewster case in support of the statements contained in the opinion above set forth.

In *State* v. *Pilver, supra*, 91 Vt 310, 100 A 674, a municipal court case, the respondent objected to the drawing of the jury from the list on file on the ground that it did not contain the names of any juryman from the town of Burke in violation of a statutory requirement that such a list contain names of persons from each town in the county.

This Court in its opinion states that to be lawful a jury must be constituted in substantial conformity with the statute and that a challenge to the array will be sustained for any material departure from the prescribed mode of selecting, listing, or drawing jurors. It further states that a disregard of essential provisions which are designed to secure and preserve a fair and impartial trial cannot be deemed harmless irregularities, though it does not affirmatively appear that injury has resulted therefrom but errors and irregularities in making up the jury list which can in no way prejudice the parties do not invalidate it nor furnish ground for challenge to the array. The conclusion is reached that the respondent's rights were not affected by the irregularity.

■ The law on this subject as set forth in the above cited cases, and others from this Court which we have studied, may be stated substantially as follows: When essential provisions

of statutes providing for the selecting, listing, or drawing jurors are not complied with, this noncompliance can be taken advantage of by a challenge to the array or by any other proper plea or motion, but errors and irregularities in making up a jury list do not invalidate it nor furnish ground for challenge to the array unless prejudice is shown to have resulted therefrom. These rules apply to both grand and petit jurors.

*Briggs* v. *Georgia, supra,* illustrates a noncompliance with an essential provision of a statute. In *Quinn* v. *Halbert, supra,* although no express statutory provision was violated, it was held for stated reasons that an alien was not qualified to act as a juryman. In each of the cases it is apparent that the Court considered that the persons were disqualified to act as jurors because of some fundamental reason.

The remainder of the cited cases are illustrative of the rule that an indictment by a grand jury or a verdict by a petit jury will not be invalidated because of some technical irregularity in the making up of the jury list unless prejudice be shown to result thereby. It seems clear to us that the failure on the part of the jury commissioners to follow the requirements of §3489 above set forth should be considered as mere technical irregularities under the stated rules and holdings in these cases, and that a verdict of a petit jury would not be invalidated thereby in the absence of a showing of resulting prejudice.

Apparently the same result could be reached by construing the word "shall" as used in §3489 as synonymous with "may". Under this construction the provisions of that section would be deemed to be merely directory. This construction was placed on the word "shall" appearing in a statute relating to the preparation of a jury list in the case of *Andrizinsky* v. *Phillips,* 97 Vt 21, 121 A 435. See also in this connection the cases appearing in the annotation commencing on page 1109 of 92 ALR.

It seems advisable to note that none of the cases above cited, nor anything that we have said, conflict with the holding in *State* v. *Frotten,* 114 Vt 410, 46 A2d 921. In that case the venire by which a grand jury was summoned was not signed by the county clerk as required by statute. It was held that because of this fundamental defect the grand jury was without

jurisdiction to act. It should be noted that this omission was stated to be something more than a technical irregularity such as was held in *State* v. *Brewster, supra.*

Nothing that we have said herein should be taken by jury commissioners as an excuse for not strictly following the requirements of §3489. These are clearly stated and few in number. This Court has reproved in the past on at least three occasions public officials for not strictly following statutory requirements respecting the preparation of jury lists or other similar requirements where irregularities have resulted from such noncompliances. We trust that this may be the last time that such reproof is necessary.

*Judgment that there is no error in the denial of the motion for permission to examine the transcript of the grand jury proceedings or in the denial of the motion to quash and dismiss the indictment.*