## State of Vermont v. Arthur Pierce

[657 A.2d 192]

No. 93-328

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed January 20, 1995

*Gary S. Kessler*, Supervising Appellate Prosecutor, and *Robert L. Sand*, Staff Attorney, State's Attorneys Department, Montpelier, for Plaintiff-Appellee.

*David C. Sleigh* of *Sleigh & Williams*, St. Johnsbury, for Defendant-Appellant.

*Robert Appel*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Amicus Curiae Vermont Defender General.

**Morse, J.** The principal issue before us is whether 13 V.S.A. § 7041 violates the separation-of-powers doctrine by conditioning the trial court's deferral of a criminal sentence upon the concurrence of the state's attorney. Defendant was convicted by jury of delivering more than one-half ounce of marijuana, in violation of 18 V.S.A. § 4230(b)(2). The trial judge stated that the facts and circumstances of this case warranted a deferred sentence, but ruled that she could not carry out this alternative because the state's attorney refused to agree to it. The court also denied defendant's request that it postpone sentencing and then dismiss the case under V.R.Cr.P. 48(b). We hold that § 7041 does not violate the Vermont Constitution's separation-of-powers clause, and affirm.

I.

In late 1991, defendant's roommate purchased four ounces of marijuana in Connecticut for resale in Vermont. Defendant agreed to sell the marijuana so that the roommate could repair his car with the profit from the sale. On December 4, 1991, defendant sold the four ounces to an undercover police officer. Eventually, defendant was

charged with delivering marijuana, and his roommate was charged with conspiring to sell marijuana. The prosecutor agreed to recommend a deferred sentence for the roommate but not for defendant. The roommate pled guilty to misdemeanor possession of marijuana, and the court granted a three-year deferred sentence on the felony charge. Defendant's case went to trial, and he was convicted by a jury of delivering more than one-half ounce of marijuana, a felony.

At the sentencing hearing, much of the testimony concerned the State's disparate treatment of defendant and his roommate. The probation officer who wrote the presentence investigation report defended his statement that it was grossly unfair for the prosecutor to offer a deferred sentence to the more culpable roommate, but not to defendant. Defendant pointed out that (1) like his roommate, he had no criminal record; (2) unlike his roommate, he made no profit on the transaction; and (3) unlike his roommate, the police could not link him to any other drug sales, despite efforts by undercover police to consummate another sale. The prosecutor stated that he was unwilling to offer defendant a deferred sentence because (1) the facts and circumstances surrounding the sale and defendant's connection with former roommates who had been charged with drug offenses suggested that this was not an isolated transaction, and (2) defendant had declined to cooperate with a police investigation of his former roommate. According to the prosecutor, he offered a deferred sentence to the roommate because the admissibility of the principal evidence against the roommate had been put in doubt by a motion to suppress in that case.

In the court's view, the evidence indicated that this was a one-time transaction for defendant, and that the roommate was at least as culpable as defendant. The court opined that the fairest alternative would be to defer defendant's sentence, as it had done in the roommate's case. The court ruled, however, that § 7041 required the consent of the prosecutor before it could grant a deferred sentence, and that the statute does not violate the separation-of-powers doctrine. The court also rejected defendant's suggestion that it put off sentencing for two years and then consider dismissing the case under V.R.Cr.P. 48(b), stating that to do so would be inconsistent with the fair administration of justice.

## II.

Section 7041(a) of Title 13 provides that, upon an adjudication of guilt, the court may defer sentencing and place the defendant on

probation for a period not to exceed five years "if a written agreement concerning the deferring of sentence is entered into between the state's attorney and the [defendant]." If the defendant violates the conditions of the deferred-sentence agreement during the probationary period, the court must impose sentence. *Id.* § 7041(b). On the other hand, if the defendant abides by the terms of the agreement, the court must then strike the adjudication of guilt, discharge the defendant, and expunge the record of the criminal proceedings. *Id.* In effect, § 7041 conditions the court's power to expunge a criminal conviction on the agreement of the prosecutor. Defendant and amicus curiae Defender General argue this violates the Vermont Constitution's separation-of-powers clause.

The Vermont Constitution provides that the legislative, executive, and judicial branches of government "shall be separate and distinct, so that neither exercise the powers properly belonging to the others." Vt. Const. ch. II, § 5. An absolute separation of government functions among the coequal branches, however, is not required or even desirable to achieve the Constitution's ultimate goal of effective and efficient government. See *Chioffi v. Winooski Zoning Bd.*, 151 Vt. 9, 11, 556 A.2d 103, 105 (1989) (powers exercised by different branches necessarily overlap); *Trybulski v. Bellows Falls Hydro-Elec. Corp.*, 112 Vt. 1, 6-7, 20 A.2d 117, 119-20 (1941) (certain amount of overlapping of powers is inevitable; many powers are of doubtful classification both analytically and historically); cf. *Mistretta v. United States*, 488 U.S. 361, 381 (1989) (Madison recognized that greatest security against tyranny and ineffective government lies in system of checks and balances, not hermetic division of power among branches). Keeping these standards in mind, we must decide whether § 7041 unduly impairs the independent institutional integrity of the judiciary by unreasonably restricting its responsibilities, including its duty to impartially administer justice. See *Wolfe v. Yudichak*, 153 Vt. 235, 255, 571 A.2d 592, 603 (1989) (although some overlap of governmental powers is inevitable, judiciary must retain power to protect itself against any impairment of its functions and duties); cf. *Mistretta*, 488 U.S. at 383 (no law may impermissibly threaten judiciary's institutional integrity).

In *State v. Saari*, 152 Vt. 510, 517-19, 568 A.2d 344, 349-50 (1989), we rejected the argument that the legislature's enactment of mandatory minimum sentences violated the separation-of-powers doctrine, and we recognized that sentencing is not "solely a judicial function derived from constitutional mandates." Cf. *Mistretta*, 488

U.S. at 364 ("Historically, federal sentencing – the function of determining the scope and extent of punishment – never has been thought to be assigned by the Constitution to the exclusive jurisdiction of any one of the three Branches of Government."). Two points support this notion. First, the legislature controls the extent of the judiciary's authority to sentence. *Saari*, 152 Vt. at 518, 568 A.2d at 349. Thus, the courts have no inherent authority to suspend a sentence or to impose a sentence contrary to that authorized by the legislature. See *State v. Baker*, 154 Vt. 411, 419, 579 A.2d 479, 483 (1990) (trial court was without authority to impose sentence below statutory minimum); *State v. Angelucci*, 137 Vt. 272, 289, 405 A.2d 33, 42 (1979) (sentencing options not found in applicable statute are unauthorized); accord *Hill v. State*, 634 S.W.2d 120, 122 (Ark. 1982); *Billis v. State*, 800 P.2d 401, 416 (Wyo. 1990).

Second, various offices of the executive branch possess powers that can have a considerable impact on the sentence imposed in any given criminal case. The prosecutor determines the extent of a suspect's sentencing exposure by deciding whether and what charges will be brought, whether to plea bargain, and what sentence to recommend. See *Saari*, 152 Vt. at 518 n.7, 568 A.2d at 349-50 n.7. Parole officials may release individual prisoners before the expiration of the judicially imposed term of imprisonment. 28 V.S.A. § 501. The Governor has the unreviewable power to grant pardons in most cases. Vt. Const. ch. II, § 20; *Doe v. Salmon*, 135 Vt. 443, 445, 378 A.2d 512, 514 (1977).

Defendant and amicus curiae acknowledge that sentencing is not an exclusive judicial function, but they argue that § 7041 offends the separation-of-powers principle by giving the prosecutor exclusive power to control what should ultimately be the court's decision whether to impose a deferred sentence. They challenge the statute's grant of a prosecutorial veto power over the court's ability to defer sentences based on the facts and circumstances of each particular case.

■ The most direct way to address the propriety of the prosecutor's role under § 7041 is to examine the nature of a deferred sentence. As suggested by the language of the statute itself, a deferred sentence is not a sentence at all, but rather a postponement of sentence that offers the defendant an opportunity to have an adjudication of guilt expunged. See 13 V.S.A. § 7041(b) (upon violation of terms of probation, "the court shall impose *sentence*") (emphasis added). Thus, a deferred sentence is more akin to a conditional pardon—a power reserved to the executive—than to a judicially

imposed sentence based on an adjudication of guilt. Cf. *Billis*, 800 P.2d at 422 (probation without entry of judgment is akin to executive pardon).

Moreover, § 7041 gives the state's attorney power analogous to the prosecutor's power to plea bargain. Typically, the state's attorney will decide before trial whether to offer a recommended deferred sentence in exchange for a guilty plea and probation conditions. If the parties agree, and the court accepts the agreement, the court will defer sentence upon an adjudication of guilt. The sentence is imposed only if the defendant violates the terms of the agreement. Similar to plea bargaining, the court has the final say whether to accept or reject the deferred-sentence agreement, but neither the defendant nor the court can force the state's attorney to offer such an agreement in the first place. See *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) (defendants have no constitutional right to plea bargain); cf. *Billis*, 800 P.2d at 416 (courts have no inherent authority "to refuse to try a criminal charge upon considerations extraneous to the legality of the charge" or to expunge a final judgment of conviction for purposes of "restoring the defendant's civil rights"). We realize that under § 7041 the state's attorney retains exclusive power to recommend a deferred sentence even after a guilty verdict and judgment, but determining whether a power is judicial in nature depends on the substance and effect of the power rather than on the procedural posture of the case. See *People v. Superior Court of San Mateo County*, 520 P.2d 405, 411, 113 Cal. Rptr. 21, 27 (1974).

In sum, considering the legislature's right to set the parameters for punishment, and the similarity between the power accorded the state's attorney in § 7041 and other prosecutorial and executive powers, we conclude that § 7041 does not impermissibly interfere with the judiciary's core functions. Accordingly, we hold that § 7041 does not violate the separation-of-powers principle established in the Vermont Constitution. See *Billis*, 800 P.2d at 426 (holding similar statute constitutional); see also *State v. Huerta*, 878 F.2d 89, 92 (2d Cir. 1989) (upholding federal statute requiring motion from prosecutor before court may impose sentence below statutory minimum based on defendant's cooperation).

We recognize that other courts have struck down, or liberally construed the language of, analogous statutes on separation-of-powers grounds. See *State v. Jones*, 689 P.2d 561, 564 (Ariz. Ct. App. 1984) (striking down statute conditioning court's power to impose less than mandatory minimum sentence on recommendation of prosecu-

tor); *Superior Court of San Mateo County*, 520 P.2d at 407, 113 Cal. Rptr. at 23 (striking down statute giving prosecutor veto power over trial court's decision to sentence defendants to diversion program); see also *Brugman v. State*, 339 S.E.2d 244, 251 (Ga. 1986) (construing statute to allow sentencing court, on its own inquiry apart from prosecutor's recommendation, to impose reduced or suspended sentence if it finds defendant rendered substantial assistance to state); *State v. LeCompte*, 406 So. 2d 1300, 1311-12 (La. 1981) (same); *State v. Olson*, 325 N.W.2d 13, 19 (Minn. 1982) (same). For the reasons stated above, we do not find these decisions persuasive, to the extent that they are indistinguishable.

■ In the alternative, amicus curiae requests that we subject the prosecutor's decision whether to recommend a deferred sentence to review by the trial court under an abuse-of-discretion standard. Cf. *State v. Lagares*, 601 A.2d 698, 704-05 (N.J. 1992) (statute requiring enhanced sentence upon prosecutor's motion interpreted to require adoption of guidelines for seeking enhanced sentences, statement of reasons for motion, and judicial review of motion under abuse-of-discretion standard). We decline this request. As with the discretion accorded to the state's attorney regarding charging and plea-bargaining decisions, a decision whether to recommend a deferred sentence should be subject to judicial review only upon a showing that the decision was the result of bad faith or of the application of impermissible discriminatory factors. *Billis*, 800 P.2d at 426; see *United States v. Rexach*, 896 F.2d 710, 713-14 (2d Cir. 1990) (prosecutor's decision whether to move for sentence below mandatory minimum is generally not subject to judicial review, but "cannot be made invidiously or in bad faith"); cf. *State v. Zaccaro*, 154 Vt. 83, 92-93, 574 A.2d 1256, 1262 (1990) (selective prosecution requires showing that similarly situated individuals were not prosecuted and that defendant's prosecution was based on bad faith or other impermissible considerations). There is no such showing, or even allegation, here.

## III.

■ ■ Defendant argues, however, that the court abused its discretion by denying his request that it postpone sentencing for two years and then consider dismissing the case under V.R.Cr.P. 48(b). The basis of defendant's motion was the prosecutor's disparate treatment of him and his roommate. Assuming, without deciding, that Rule 48(b) would permit this avenue of relief, we find no abuse of

discretion in the court's denial of the motion. Noting that uncontroverted facts had led to defendant's conviction for a serious crime, the court stated that granting the relief defendant requested would be inconsistent with its duty to administer justice fairly. Defendant claims that, on the contrary, the fair administration of justice was thwarted by the prosecutor's disparate treatment of him and his roommate, but, as noted, he has failed to show that the prosecutor's decision was based on impermissible considerations. Even if we accept defendant's assertion that the evidence suggested that his roommate, not he, was involved in other drug sales, we would not reverse. Part of the prosecutor's rationale for offering the roommate a deferred sentence was that a motion to suppress cast some doubt over the outcome in the roommate's case. Cf. *State v. Judge*, 675 P.2d 219, 223 (Wash. 1984) (no equal protection violation because decision to prosecute was rationally based on prosecutor's ability to prove charge). In short, defendant has failed to allege any improper motive behind the prosecutor's decision, and has failed to show that the court abused its discretion in denying his motion.

*Affirmed.*