STATE of Vermont v. James RAFUSE

[726 A.2d 18]

No. 97-458

December 8, 1998. Defendant James Rafuse appeals from a trial court order imposing a sentence of five to ten years each for two counts of sexual assault after a finding the defendant violated his deferred-sentence probation. Defendant claims that the trial court erred by holding it had no alternative to imposing sentence. We affirm.

In July 1996, the trial court approved a deferred-sentence agreement between defendant and the state's attorney. The agreement placed defendant on probation and deferred for five years the sentence on two counts of sexual assault of a minor provided that defendant complied with the conditions of his probation. See 13 V.S.A. § 7041(a) (authorizing deferred sentences when agreed to by state and defendant). The potential sentence was twenty years' incarceration or a fine of $10,000, or both, on each count.

In February 1997, defendant's probation officer filed a complaint alleging that defendant violated three conditions of his probation. The trial court dismissed two of the alleged violations, but found that defendant had violated the condition of his probation requiring him to report to his probation officer in the manner and at such a time and place as the probation officer required. Defendant asked the trial court to continue defendant on the deferred sentence, invoking 28 V.S.A. § 304 (providing that, in cases of probation violation, "the court may, in its discretion, revoke probation and require the probationer to serve the sentence"). The court determined that § 304 applied only to probationers who had received suspended sentences, as opposed to those whose sentences are deferred. The court also concluded that the discretionary language in § 304 is in conflict with the explicit command in § 7041(b) that deferred sentences "shall" be actively imposed in the event of a probation violation. At sentencing, the court imposed five to ten years of incarceration concurrent on each count of sexual assault, all suspended except thirty days. In addition, the court again placed defendant on probation. Defendant began serving his sentence on November 7, 1997. This appeal followed.

Defendant argues that, pursuant to this Court's holding in *State v. Murray*, 159 Vt. 198, 617 A.2d 135 (1992), the trial court had the authority to impose alternative punishments under § 304. The State maintains that the trial court prop-

erly interpreted the language of § 7041(b) as a mandatory directive. Section 7041(b) addresses probation violation in the context of deferred sentencing agreements and states in part: "[u]pon violation of the terms of probation or of the deferred sentence agreement, the court *shall* impose sentence." 13 V.S.A. § 7041(b) (emphasis added). In contrast, 28 V.S.A. § 304(a) addresses revocation of probation and imposition of a suspended sentence. Section 304(b) identifies four alternatives to probation revocation and sentence imposition pursuant to § 304(a): continuing the existing sentence; effecting necessary or desirable changes or enlargements of the conditions of probation; conducting a conference with probationer re-emphasizing the necessity of compliance with the conditions of probation; or issuing a formal or informal warning to the probationer. 28 V.S.A. § 304(b).

This Court interprets statutes using the general rule that the true intent and purpose of the Legislature must be ascertained and given effect. See *Shea v. Metcalf*, 167 Vt. 494, 498, 712 A.2d 887, 889 (1998). See also *State v. Goyet*, 119 Vt. 167, 171, 122 A.2d 862, 865 (1956) ("In determining whether the word 'may' when used in a public statute is to be construed as imposing an absolute duty or merely a discretionary power, the general rule of statutory construction should be applied that the true intent and purpose of the Legislature must be ascertained and given effect."). A more specific statutory provision will prevail according to its terms over a more general statutory provision. See *Stevenson v. Capital Fire Mut. Aid Sys., Inc.*, 163 Vt. 623, 625, 661 A.2d 86, 88 (1995). Although penal statutes should be strictly interpreted, they must not be interpreted so strictly as to defeat the legislative purpose in enacting the law or to produce irrational and absurd results. See *State v. Galusha*, 164 Vt. 91, 92-93, 665 A.2d 595, 596 (1995). The ordinary meaning of the language is presumed to be intended unless it would manifestly defeat the object of the provisions. See *Goyet*, 119 Vt. at 171, 122 A.2d at 865.

In this instance, § 7041(b) is clear in the use of the language "shall." Statutes generally use "shall" as imperative or mandatory language. See Black's Law Dictionary 1375 (6th ed. 1990). In its ordinary significance, it is a word of command, and it is inconsistent with a concept of discretion. See *id.* In other contexts this Court has interpreted "shall" as mandatory. For instance, in *State v. Ashley*, 161 Vt. 65, 68, 632 A.2d 1368, 1370 (1993), we held that the statutory language "unequivocally contemplates the release of an accused person who is awaiting trial," when it states a person charged with offense "shall . . . be ordered released pending trial in accordance with" 13 V.S.A. § 7554(a) (emphasis omitted). Similarly, we held that the use of "shall" in 3 V.S.A. § 2822(c)(4) required the trial court to fine the defendant after the court determined that the defendant violated a court order. See *State v. Pownal Tanning Co.*, 142 Vt. 601, 604-05, 459 A.2d 989, 991 (1983).

Furthermore, interpretation of the word "shall" in § 7041 as discretionary would defeat the Legislature's intent and the purpose of the statute. A deferred-sentence agreement is a sentence postponed rather than imposed. See *State v. Pierce*, 163 Vt. 192, 196, 657 A.2d 192, 195 (1995). It is similar to a conditional pardon, and pardons are a power traditionally reserved for the executive branch. See *id.* at 196-97, 657 A.2d at 195. Although a trial court may have the discretion to accept or reject a deferred-sentence agreement, the Legislature restricted the court's power by granting only the state's attorney the ability to offer a deferred sentence. See *id.* at 197, 657 A.2d at 195-96. Thus, the Legislature has already limited the court's actions by statute, and our interpretation of § 7041

simply reinforces the Legislature's carefully circumscribed alternative to a criminal sentence.

Given our interpretation of "shall" as mandatory, the alternatives in 28 V.S.A. § 304 conflict with 13 V.S.A. § 7041 and are not applicable. Defendant misconstrues the language in *Murray*, which states: "[a]lthough the regulatory provisions in Title 28 are normally used for post-sentence probation . . . they apply equally to probation imposed as part of a deferred sentence." 159 Vt. at 201, 617 A.2d at 137. The language refers to the general nature of probation under deferred-sentence agreements. In *Murray*, we explained that "the provisions governing probation in Title 28 apply to deferred-sentence probation *where there is no conflict with the specific provisions of § 7041.*" *Id.* at 203, 617 A.2d at 138 (emphasis added). Our holding in *Murray*, therefore, did nothing to undermine the 13 V.S.A. § 7041(b) directive that "the court shall impose sentence" because 13 V.S.A. § 304 directly conflicts with the more specific provision of § 7041(b).

Therefore, the trial court properly ruled it must impose sentence after finding defendant violated a condition of his probation outlined in his deferred-sentence agreement.

*Affirmed.*