2006 VT 20

**STATE of Vermont v. Pamela PUTVAIN**

[895 A.2d 200]

No. 05-059

¶ 1. February 22, 2006. Defendant Pamela Putvain appeals from the district court's denial of a motion to expunge her record after successful completion of a deferred sentence. Defendant claims that since she fulfilled the terms of probation and of the deferred sentence agreement, her record should be expunged upon discharge under 13 V.S.A. § 7041(b). She argues that the district court erred in denying her motion and in requiring an additional two-year "good behavior" period under 33 V.S.A. § 5538 before allowing expungement. The State concurs with defendant's position on appeal. Because the district court erred in interpreting § 7041(b) to require a two-year waiting period before expungement, we reverse.

¶ 2. Defendant pled guilty to domestic assault on April 6, 2004, in exchange for a seven-month deferred sentence. Defendant fulfilled the terms of her deferred sentence agreement, and the district court granted her petition for discharge from probation on November 11, 2004. On November 19, 2004, defendant filed a motion to expunge her record under 13 V.S.A. § 7041(b).* The district court denied the motion, finding that "section 7041 requires a 2 year 'good behavior' period before the probationer can receive an expungement, since it adopts the requirements of an application and wait found in 33 V.S.A. § 5538." Defendant filed a petition for reconsideration of her request to expunge on January 25, 2005. The district court denied the petition on January 31, 2005, but shortened the waiting period. Defendant appeals from this denial.

¶ 3. A deferred sentence is "not a sentence at all, but rather a postponement of sentence that offers the defendant an opportunity to have an adjudication of guilt expunged." *State v. Pierce*, 163 Vt. 192, 196, 657 A.2d 192, 195 (1995). The deferred sentence statute provides:

> Upon fulfillment of the terms of probation and of the deferred sentence agreement, the court shall strike the adjudication of guilt and discharge the respondent. Upon discharge the record of the criminal proceedings shall be expunged *as if an application pursuant to section 5538 of Title 33 had been granted* . . . .

13 V.S.A. § 7041(b) (emphasis added). The issue is whether expungement is automatic upon defendant's discharge or

---

* Effective July 1, 2005, 13 V.S.A. § 7041(b) was amended so that the relevant language of § 7041(b) now falls under § 7041(d), in nearly identical form. 2005, No. 63, § 9. We will refer to the statute in effect at the time of the district court's decision.

whether the eligibility requirements of 33 V.S.A. § 5538(a) for the sealing of records of a juvenile offender must be met before the record can be expunged.

¶ 4. When interpreting a statute our goal is to give effect to the intent of the Legislature. *State v. Baron*, 2004 VT 20, ¶ 6, 176 Vt. 314, 848 A.2d 275. We first look at the plain, ordinary meaning of the statute. *Id.* The language of § 7041(b) states that the record shall be expunged "as if an application pursuant to section 5538 of Title 33 had been granted." Section 5538 addresses sealing the records of juvenile offenders. Section 5538(a) lists the criteria for granting an application to seal the records, including that the court must find that "[t]wo years have elapsed since the final discharge of the person." 33 V.S.A. § 5538(a)(1). The later subsections of § 5538, particularly subsections (c) and (d), describe how the expungement is implemented.

¶ 5. The meaning of § 7041(b) is plain in that it incorporates the implementation provisions of 33 V.S.A. § 5538, but not the eligibility provisions. The eligibility standards are contained entirely within § 7041(b) and include no waiting period.

¶ 6. In its denial of defendant's motion, the district court explained that as a matter of public policy, first-time juvenile offenders should not have to wait two years for expungement while deferred-sentence probationers, often not first-time offenders, obtain automatic expungement of their convictions. Whatever its merits, the policy choice has clearly been made to the contrary by the Legislature as reflected in the wording of the relevant statutes.

*Reversed.*