# In re Appeal of Alfred W. Lunde

[688 A.2d 1312]

No. 95-589

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed January 10, 1997

*John F. Nicholls* of *Abare, Nicholls & Parker, P.C.*, Barre, for Appellant Fecteau Construction, Inc.

*Paul Gillies* of *Tarrant, Marks & Gillies*, Montpelier, for Appellee Alfred W. Lunde.

*Oliver L. Twombly*, Barre, for City of Barre.

*Gregory M. Maguire, Tina Ruth* and *Dawn Allane Dreyer*, Legal Intern, Montpelier, for Amicus Curiae Agency of Development & Community Affairs.

**Gibson, J.** Developer Fecteau Construction, Inc. appeals from two orders of the environmental court, which denied permits to place two mobile homes, one on each of two adjoining lots in a planned residential zone in the City of Barre. Developer argues that Barre City zoning regulation § 5.14.03(a)(4), prohibiting mobile homes in planned residential zones unless in mobile home parks, violates 24

V.S.A. § 4406(4)(A), which it claims requires mobile homes to be treated upon the same terms and conditions as conventional housing. Neighbor Alfred W. Lunde maintains that the court correctly denied the permit because (1) 24 V.S.A. § 4406(4)(A) does not override the zoning regulation, (2) developer's proposed setback is inadequate, and (3) the subdivision plat expired when developer failed to record it within ninety days. We hold that the zoning regulation restricting mobile homes to mobile home parks violates 24 V.S.A. § 4406(4)(A), and therefore reverse.

Developer owns land in a planned residential zoning district on Lunde Lane in Barre. Neighbor Lunde is an abutting landowner. Developer received approval from the Barre City Planning Commission on February 2, 1989 to divide its land into two lots. The subdivision plat was recorded on January 24, 1990. Developer sold Phillip Fernandez, Jr. an option to purchase Lot 1, guaranteeing a permit to place a mobile home on the lot. The zoning administrator granted the permit on May 16, 1995, approving a mobile home with a twenty-seven-foot setback. Neighbor Lunde, among others, appealed to the zoning board of adjustment (ZBA), which upheld the decision of the zoning administrator to grant the permit. Neighbor Lunde then appealed to the environmental court.

The environmental court reversed the ZBA on summary judgment and denied the permit. It concluded that the permit for Lot 1 had been granted in violation of Barre City zoning regulation § 5.14.03(a)(4), which provides that, in planned residential zones, "mobile home lots are permitted only in a mobile home park." The court held that 24 V.S.A. § 4406(4)(A) does not prohibit a municipality from requiring mobile homes in a particular zone to be placed in mobile home parks. The court also held that zoning regulation § 5.12.04(b) allowed a setback of less than thirty feet, up to "a line connecting the buildings adjacent on either side of the lot." City of Barre Zoning Regulations § 5.12.04(b). Because the court denied the permit on the basis of the mobile-home regulation, it did not decide whether the subdivision approval had expired by operation of 24 V.S.A. § 4416 (planning commission approval of plat shall expire in ninety days unless recorded in office of clerk).

Meanwhile, on August 8, 1995, the zoning administrator granted a permit to place a mobile home on Lot 2 with a setback of twenty-eight feet. Neighbor Lunde appealed, raising the same issues with regard to this permit. Based on the decision regarding Lot 1, the environmental court denied this permit as well. Developer appeals. The City

of Barre and the Agency of Development and Community Affairs have filed briefs in support of developer, solely on the issue of the interpretation of 24 V.S.A. § 4406(4)(A).

## I.

Section 4406(4)(A) provides:

> (4) **Equal treatment of housing.**
>
>   (A) Except as provided in section 4407(6) of this title, no zoning regulation shall have the effect of excluding mobile homes, modular housing, or other forms of prefabricated housing *from the municipality, except upon the same terms and conditions as conventional housing is excluded.*

(Emphasis added.) Neighbor Lunde argues that the plain meaning of the language makes clear that towns are prohibited from excluding mobile homes "from the municipality," not "from *any zone in* the municipality." Thus, he maintains that a municipality may restrict mobile homes in any zone or limit them to mobile home parks, provided the municipality allows for mobile homes somewhere within its borders. We reject this construction for several reasons.

First, the plain meaning of the last clause of § 4406(4)(A) supports developer's construction; mobile homes may not be excluded "except upon the same terms and conditions as conventional housing." Thus, municipalities may not single out mobile homes and require them to be placed in mobile home parks because there is no such condition on conventional housing. Municipalities are not required to allow mobile homes in every zone; however, § 4406(4)(A) requires mobile homes to be treated the same as conventional housing. The only exception to this rule is "as provided in section 4407(6) of this title," which refers to design control districts, not at issue in this case.

Second, if there was any doubt as to the meaning of the language in § 4406(4)(A), the legislative history indicates in no uncertain terms the intent to prohibit any discrimination in zoning against mobile homes. In particular, the history reveals the intent to prohibit any municipality from requiring that mobile homes be placed in mobile home parks. In 1976, when the Legislature enacted § 4406(4)(A), it simultaneously repealed 24 V.S.A. § 4407(11). See 1975, No. 236 (Adj. Sess.), §§ 1, 4. The repealed subsection provided that "[a]ny munic-

ipality may require that a mobile home may be used for residential purposes only if located in a trailer park authorized by such municipality." 1969, No. 116, § 7. By this action the Legislature expected to prohibit municipalities from limiting mobile homes to mobile home parks, addressing precisely the regulation at issue here.

In addition to the repeal of § 4407(11), the history of § 4406(4)(A) demonstrates that the Legislature intended municipalities to treat mobile homes in the same manner as conventional housing. The construction that neighbor Lunde urges upon us was expressly rejected by the entire House of Representatives twice. On February 10, 1976, Representative Chaloux moved before the House to strike subsection (A) and insert instead:

> (A) A municipality need not allow mobile homes in every district where residential uses are allowed provided the municipality does allow mobile homes in one or more districts within the municipality. These districts may not be limited to mobile home parks.

H. 436, Vt. House Jour. 155 (Feb. 10, 1976). The Chaloux amendment was rejected by a vote of ninety-eight to forty-seven. A similar proposal had been rejected on February 6, 1976. See *id.* at 148 (Feb. 6, 1976). Consequently, we reject neighbor Lunde's contention that § 4406(4)(A) was intended to prevent municipalities from excluding mobile homes "from the municipality," but to allow restricting mobile homes to mobile home parks or to a particular zone.* We conclude that Barre City zoning regulation § 5.14.03(a)(4) violates 24 V.S.A. § 4406(4)(A) by treating mobile homes differently from conventional housing.

## II.

Neighbor Lunde also argues that the court erred by concluding that zoning regulation § 5.12.04 allows a setback of less than thirty feet. Section 5.12.04 provides in part:

---

*Transcripts of the hearings before the Senate Natural Resources Committee are not persuasive because the Committee's proposal was rejected by the full Senate. See H. 436, Vt. Sen. Jour. 299-304 (Mar. 17, 1996). The Committee's proposal would have allowed municipalities to "treat a class of residential housing differently from another," if the municipality showed an adverse effect on public welfare or municipal finances. See *id.* at 299. The language of the bill as enacted was an amendment made on the floor of the Senate, proposing language almost identical to that previously passed by the House.

(b) Except as provided in subsection (c) of this section, no part of any lot used for residential use shall be constructed nearer to a street line than a line connecting the buildings adjacent on either side of the lot.

(c) No building on a lot used for residential use shall be constructed nearer than thirty feet of the street line . . . .

The court held that the general rule is that the minimum front setback is thirty feet. It concluded that subsection (b) is an exception to this rule, which allows a reduced setback if a line connecting the two buildings on either side of the building site is closer than thirty feet to the street line. Thus, if the neighbor on each side has a setback of ten feet, the new building could have a setback of ten feet. "Our standard of review of the trial court construction [of a zoning ordinance] is whether it is clearly erroneous, arbitrary or capricious." *Houston v. Town of Waitsfield*, 162 Vt. 476, 479, 648 A.2d 864, 865 (1994).

Neighbor Lunde contends that the court erred in its construction. He maintains that the general rule is that the setback is defined by a line connecting the buildings on the lots on either side of the building site. According to Lunde, subsection (c) is an exception that allows a reduced setback of thirty feet even if the adjacent buildings are farther than thirty feet from the street line.

The language appears to support Lunde's construction. The regulation clearly makes (c) the exception to (b). There is no exception to (c), making the minimum front setback thirty feet from the street line. This construction, however, renders (b) completely unnecessary and of no effect at all. If the neighbor on each side is set back fifty feet, then the new building may be set back thirty feet under the exception. If the neighbor on each side is set back ten feet, then the new building must still be set back thirty feet because there is no exception to (c). Thus, subsection (b) would become entirely superfluous if we accept neighbor Lunde's construction. Generally, we do not construe a statute "'in a way that renders a significant part of it pure surplusage.'" *Trombley v. Bellows Falls Union High Sch.*, 160 Vt. 101, 104, 624 A.2d 857, 860 (1993) (quoting *State v. Beattie*, 157 Vt. 162, 165, 596 A.2d 919, 921 (1991)).

We presume then that the line-between-adjacent-buildings rule was intended to be an exception to the thirty-foot-setback rule. Although this is not the plain meaning of the regulation, this construction gives effect to both subsections. The dissent would

enforce both subsections as absolute rules: no building may be constructed closer to the street line than the line connecting adjacent buildings, nor may a building be constructed closer to the street line than thirty feet. This construction conflicts with the plain language of the regulation, which clearly intended one section to be an exception to the other, and gives no deference to the trial court, which must be "clearly erroneous" to be reversed. Moreover, "[i]t is obviously unfair to require a landowner to observe a setback restriction which requires him to build substantially further from the street than the front line of existing buildings on adjacent property." 2 K. Young, Anderson's American Law of Zoning § 9.56, at 295 (4th ed. 1996).

We, therefore, agree with the trial court that the front setback is thirty feet unless the line connecting the neighbors on either side is less than thirty feet. Because the facts are inadequate to determine the required setback on either Lot 1 or 2, we agree with the court that summary judgment on this issue must be denied.

## III.

Finally, neighbor Lunde argues that the permit must be denied because, under 24 V.S.A. § 4416, the subdivision plat expired ninety days after approval of the planning commission when developer failed to record it in the clerk's office. Section § 4416 states: "The approval of the planning commission . . . shall expire ninety days from such approval . . . unless, within such ninety-day period, such plat shall have been duly filed or recorded in the office of the clerk of the municipality." Because the trial court did not rule on this issue, we decline to do so for the first time in this Court. See *Sabia v. Neville*, 165 Vt. 515, 525, 687 A.2d 469, 475 (1996).

*Reversed and remanded.*

**Allen, C.J.,** concurring and dissenting. I dissent to Part II of the majority opinion in which the Court holds that, under § 5.12.04 of the City of Barre Zoning Regulations, the front setback for residential lots is thirty feet unless the line connecting adjacent buildings on either side of the property in question is less than thirty feet. See 166 Vt. at 172, 688 A.2d at 1315.

"Where the meaning [of a zoning regulation] is plain, courts have the duty to enforce the enactment according to its obvious terms . . . ." *Kalakowski v. John A. Russell Corp.*, 137 Vt. 219, 223, 401 A.2d 906, 909 (1979). The majority's holding that subsection (b) (the line-between-adjacent-buildings rule) was intended to be an exception

to subsection (c) (the thirty-foot-setback rule) is contrary to the plain language of the regulation. Under the ordinance, subsection (b) is the general rule and subsection (c) is a limitation on that rule. Thus, the minimum setback for residential lots is at the line connecting adjacent buildings. This rule does not apply, however, when that line or a portion thereof is closer to the street than thirty feet. When this occurs, the language of subsection (c), that no building be constructed nearer than thirty feet of the street line, comes into play and limits the general rule set forth in subsection (b). Not only does this interpretation give effect to both subsections, but it also adheres to precedent by following the plain language of the regulation.

Because both permit applications requested setbacks of less than thirty feet, I would affirm the environmental court's denial of the permits. I am authorized to state that Justice Morse joins in this dissent.

## In re J.T. and C.T.