## Lynn CANTIN v. Douglas YOUNG

[742 A.2d 1246]

No. 99-267

November 3, 1999. Defendant Douglas Young moves to dismiss the appeal filed by the Office of Child Support (OCS) because OCS has exceeded its power to act. We grant the motion.

Lynn Cantin and Douglas Young were divorced in 1993. In 1998, Cantin petitioned the court for a modification of child support, after she was notified that Young was to receive a workers' compensation award.

Several hearings were held in the matter at which OCS participated, assisting Cantin. After a decision was rendered in July 1998, defendant requested a reconsideration, which was decided by the magistrate in his favor. OCS appealed from that decision; Cantin did not. Defendant moved to dismiss the appeal because OCS was not a party, and was exceeding its statutory authority. The court denied the motion, and decided the appeal, substantially affirming the magistrate's decision. On OCS's appeal to this Court, defendant has again moved to dismiss the appeal, on the same grounds.

We must first address the basis for the family court's decision. It found that de-

fendant had failed to object to OCS's participation during the hearings before the magistrate, and therefore was barred from objecting on appeal. We do not agree that defendant waived his right to object to OCS participation as a party. It was not until OCS filed its appeal that it became apparent that OCS was not merely assisting Cantin, as her representative, but was acting as an independent party. Thus, we reach the merits of defendant's motion.

At the outset, we emphasize that this is not a case in which the support obligee — Cantin — has assigned her rights to OCS. See 33 V.S.A. § 4106. Defendant agrees that in that circumstance OCS is the party in interest and can appeal from an adverse decision. Here, OCS is acting pursuant to its responsibility to provide "[u]pon application of the parent of a minor child . . . [a]ny . . . services required to be provided under Title IV-D." 33 V.S.A. § 4102(c)(6) "Title IV-D" refers to Title IV-D of the Social Security Act, which requires that states implement programs to assist in obtaining spousal and child support from absent parents. See 42 U.S.C. § 651. The state is required to provide "all appropriate IV-D services" in nonassignment cases. 45 C.F.R. § 302.33(a)(5). We have reviewed the federal statute and implementing regulations and can find no requirement that the state child support agency have the power to independently seek court action, apart from a parent it is assisting, except where there is an assignment of support. Indeed, the statutory requirement that the state have a periodic review process for child support orders specifically applies only to modification requests made by "either parent," except in assignment cases. See 42 U.S.C. § 666(a)(10)(A).

Assuming the power that OCS seeks is not specified or required in federal law, OCS suggests that it can be found in Vermont statutes. We agree that the Legislature could grant OCS the power to intervene in support establishment and modification proceedings, acting independently, and not for either parent. See, e.g., *In re Marriage of Lappe*, 680 N.E.2d 380, 387 (Ill. 1997) (Illinois statutes authorize the Department of Public Aid to intervene in support proceedings.). We cannot find, however, that it has done so. The most relevant statutes are 15 V.S.A. §§ 658(b) and 660(a). The former statute allows a request for support to be made "by either parent, by a guardian, or by the departments of social and rehabilitation services or social welfare, or by the office of child support, if a party in interest." OCS was added as a permissible party to file a support petition in 1990, see 1989, No. 220 (Adj. Sess.), § 21, but like the departments of social welfare and social and rehabilitation services, its power is limited to instances in which it "is a party in interest." See 15 V.S.A. § 658(b). We believe the effect of the proviso is to limit its power to cases in which it holds an assignment of support rights. If it could initiate any support case, the proviso language would be unnecessary. See *In re Lunde*, 166 Vt. 167, 171, 688 A.2d 1312, 1315 (1997) (we will not construe a statute to render a significant part of it pure surplusage).

This interpretation is reinforced by § 660, which deals with modification proceedings, the type of proceeding before us. The power to initiate a modification proceeding is limited to "either parent or any other person to whom support has previously been granted, or any person previously charged with support." 15 V.S.A. § 660(a). OCS is not mentioned, except possibly as a "person to whom support has previously been granted," a position it would be in if it had an assignment of the right of support. In any event, OCS is seeking the power in this case to pursue modification of a support order irrespective of the wishes of the parents, and the statute does not give it such power.

OCS also urges us to find its power to appear in court independent of the child

support obligor and obligee in 4 V.S.A. § 464(a), which allows nonattorney OCS employees to participate in proceedings before a child support magistrate and declares their participation not to be unauthorized practice of law. We find that argument unpersuasive. The statute does not address whether the employees are acting for OCS or for a child support obligor or obligee.

Finally, OCS urges that we find its power to act independently in its authorizing language's statement of purpose, requiring that it "be guided by the best interests of the child." 33 V.S.A. § 4101(b). This language follows a statement that establishment and enforcement of family support obligations is important to the welfare of Vermont's children. We cannot read into a general statement of purpose a specific power for OCS to intervene in child support proceedings on its own behalf pursuing its independent determination of what it thinks is in the best interest of the child involved. The Legislature could have implemented the statement of purpose as OCS desires, but we cannot find it has so implemented it.

We also question the logic of OCS's position. It calls its actions "appellate services" to Cantin, relying on the fact that Ms. Cantin sought its assistance, but claiming once its assistance is sought, it acts independently and can take positions directly contrary to Cantin's wishes. We cannot understand how OCS can assist a parent by acting contrary to the parent's position.

Although we grant the motion to dismiss, we are concerned that Cantin may not have appealed, with or without OCS assistance, in reliance on the independent appeal by OCS. Therefore, by our mandate, we are providing Cantin the opportunity to appeal.

*The appeal by the Vermont Office of Child Support is dismissed. Lynn Cantin is granted 30 days from the date of this order to file a notice of appeal on her own behalf.*