STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Appeal of Jenness & Berrie | } | Docket No. 134-7-04 Vtec |
|  | } |  |

Decision and Order on Motion for Reconsideration

Appellant-Applicants Frederick L. Jenness and David S. Berrie are represented by Timothy J. O'Connor Jr., Esq. and Elana S. Baron, Esq.; the Town is represented by Robert M. Fisher, Esq., and Interested Persons Judith and Raymond Enello are represented by Walter G. French, Esq. The Court issued a decision on summary judgment on September 6, 2005. Material facts remain disputed as to whether it qualifies for consideration as a pre-existing undersized lot, §601; also see 24 V.S.A. §4412(2) (formerly §4406(1)), depending on whether or not it is considered to have merged with another parcel across Stickney Brook Road.

Interested Persons Enello have moved the court to reconsider one issue. The parties agree that Appellant-Applicants' parcel does not meet the two-acre minimum lot size for the Rural Residential zoning district, but that it is greater than one-eighth of an acre in area and has a width and depth measurement each exceeding 40 feet.

In the September 6, 2005 decision, the Court ruled that the "so-called small lot exemption only exempts an existing small lot from the lot size, lot depth and lot width

(frontage) requirements, not from any of the setbacks or other dimensional requirements" and noted that "[i]f any of those other [dimensional] requirements cannot be met, the proposal would also require a variance." The Enellos move the Court to reconsider this conclusion and instead to rule that the small lot exemption only exempts an existing small lot from the minimum lot size (area) requirement, and does not also necessarily exempt it from the otherwise-applicable minimum lot depth and minimum lot width requirements.

Such an interpretation would make surplusage of the requirement in the small lot exemption requiring that an exempt small lot nevertheless have not only a minimum area of an eighth of an acre, but also have a minimum lot depth and width of at least 40 feet each. That is, in determining how small is 'too small' to be developed even under the exemption, the statute sets a minimum size (of 5445 square feet) and also a minimum 'shape', to limit how narrow and long an eighth-acre lot could be. (Thus, a rectangular eighth-acre lot could be no narrower than 40' x 136' 1½".) In the Rural Residential zoning district, while an exempt small lot could be as small as an eighth of an acre under the statute, it would take a lot just under an acre in area to meet the ordinance's otherwise-applicable frontage and lot depth requirements of 200 feet each. If those requirements were applicable, the minimum forty-foot width and depth dimensions of the small lot exemption would have no meaning. We will not interpret the statute, or the equivalent section of the zoning bylaw, to make surplusage of any part of it. Cantin v. Young, 170 Vt. 563, 569 (1999) (mem.); In re Lunde, 166 Vt. 167, 171 (1997).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Interested Persons' Motion for Reconsideration is DENIED.

Please see the enclosed notice of the telephone conference scheduled to be held with the case manager in this matter. The parties are reminded from the September 6, 2005 decision to discuss whether Appellants wish to file a complying application with the

ZBA, and, if so, whether this appeal can be dismissed, with an agreement that any remaining issues could be raised in any appeal from such future decision, or whether the parties wish to put this appeal on an inactive status while the new application is being considered by the ZBA.

Done at Berlin, Vermont, this 24th day of October, 2005.

_____

Merideth Wright

Environmental Judge