2009 VT 39

**In re Stewart JONES**

[973 A.2d 1198]

No. 08-504

¶ 1. April 8, 2009. Petitioner Stewart Jones has filed a motion asking this Court to lift the stay the superior court granted pending the State's appeal of the court's post-conviction-relief (PCR) judgment. We hereby grant petitioner's motion.

¶ 2. The factual background is as follows. In February of 1997, a residence in Royalton, Vermont was burglarized. During the course of that burglary, two perpetrators restrained the two victims — then seventy-six years of age — with duct tape and an electrical cord before stealing money and other items from the house.

¶ 3. The crime went unsolved for nearly ten years, but in May 2006, the State applied for an arrest warrant for petitioner and charged him with two counts of kidnapping in violation of 13 V.S.A. § 2405(a)(1)(E). In March 2007, petitioner was arrested on the warrant and arraigned on the kidnapping charges. Petitioner remained incarcerated following arraignment for failure to post $100,000 bail.

¶ 4. In May 2007, the State and petitioner entered into a plea agreement in which the State amended the kidnapping charges and petitioner entered guilty pleas to charges of one count of burglary in violation of 13 V.S.A. § 1201 and two counts of unlawful restraint in violation of 13 V.S.A. § 2406(a)(3). The notice of plea agreement stated that petitioner "waives any statute of limitations claim that might apply to these charges." Petitioner was sentenced to eighteen-to-twenty years to serve on the burglary charge and a concurrent one-to-five-year sentence on the unlawful restraint charges. On petitioner's motion, the burglary sentence was reduced to fourteen-to-twenty-two years to serve in October 2007.

¶ 5. In March 2008, petitioner filed a PCR petition in Windsor Superior Court. Petitioner claimed that the charges of burglary and unlawful restraint were defective because the statutes of limitation — of six and three years, respectively, see 13 V.S.A. § 4501(b), (e) — expired before the charges were amended. Petitioner subsequently moved for summary judgment asserting two claims: (1) that the statute of limitations could not be waived and therefore the court lacked jurisdiction over the offenses of which he was convicted; and (2) that there was no probable cause for the initially-filed charge of kidnapping.

¶ 6. In November 2008, the superior court granted petitioner's summary judgment motion on the statute-of-limitations claim. The court ruled that petitioner's

---

convictions for burglary and unlawful restraint were void and, noting that petitioner was "not entitled to remain free from prosecution for the offense of kidnapping," remanded the case to the district court for further proceedings. The superior court's order also provided that "[petitioner] shall remain in custody pending further proceedings in the [district court]." The State filed a timely appeal of that decision, which is currently pending in this Court.

¶ 7. The State also filed a motion in the superior court to stay the summary judgment order pending appeal. In its brief motion, the State cited Vermont Rule of Appellate Procedure 8 (providing that motions to stay judgments not automatically stayed by operation of Vermont Rule of Civil Procedure 62(d)(1) must ordinarily be filed in the lower court in the first instance), and argued as follows:

> This matter raises a question not previously answered under Vermont law — whether a criminal defendant may waive the statute of limitations as part of a negotiated resolution to charges. In its decision, this Court recognizes the split in jurisdictions on this question. The nature of the underlying charges, the fact that Petitioner agreed to be convicted of the offenses, and the acknowledged lack of clarity about Vermont law, all weigh in favor of preserving the conviction and sentence until the appeal is resolved.

¶ 8. The superior court granted the State's motion without explanation in a one-line entry order that reads: "limited stay granted, pending decision on appeal."

¶ 9. On January 9, 2009, petitioner filed a motion in this Court requesting that we lift the stay. Several days later, the State filed a response. We ordered supplemental briefing and held oral argument on the motion on February 19. In the aggregate, the parties' arguments are as follows.

¶ 10. Petitioner's argument relies on an analogy between PCR relief and the common law writ of habeas corpus. Because PCR and habeas corpus provide like remedies, he argues, we should look to the traditional and modern law of habeas corpus to guide our decision. Petitioner contends that this law mandates — or at least establishes a presumption — that successful habeas petitioners be immediately discharged. By analogy, petitioner contends, execution of a judgment granting PCR relief may not be stayed, at least without specific authorization. That authorization, argues the petitioner, is lacking in both the PCR statutes and the Vermont Rules of Civil Procedure.[*]

¶ 11. The State argues that PCR judgments are automatically stayed pending appeal by virtue of Rule 62(d)(1). Alternatively, the State argues that a trial court has the authority to grant a discretionary stay under Rule 62(d)(2), and because of the traditional, inherent power of the court, which the State contends is not limited by the PCR statutes.

¶ 12. This motion raises several important questions of first impression. We need reach only one of them. We grant petitioner's motion because the automatic stay provisions of Rule 62(d)(1) do not apply to appeals from PCR decisions, and because, even if the superior court has the authority to grant a discretionary stay — a question we do not reach here — the court abused its discretion by granting a stay in this case.

_____

[*] Petitioner also contends that incarceration pending appeal violates his right to a speedy trial. As his entire speedy trial argument consists of one sentence, contains no citation to authority, and because we grant petitioner's motion on a different ground, we do not address the speedy-trial issue here.

¶ 13. The stay of proceedings in civil cases is governed by Rule 62. That rule provides for an automatic thirty-day stay of execution on all but a few judgments: "no writ of execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 30 days after its entry or until the time for appeal from the judgment . . . has expired." V.R.C.P. 62(a)(1); see also *id.* 62(a)(2)-(4) (enumerating interlocutory orders, injunctions, receiverships, orders of possession, and certain orders of probate appeals as excepted from automatic stays). Pursuant to Rule 62(d)(1), any judgment subject to the automatic stay is also stayed during the pendency of an appeal taken from the judgment. Thus, "[i]n any action in which an automatic stay prior to appeal is in effect pursuant to paragraph (1) of subdivision (a) of this rule, the taking of an appeal from a judgment shall operate as a stay of execution upon the judgment during the pendency of the appeal." *Id.*

¶ 14. Section 7133 of Title 13 empowers the superior court to take a number of actions in response to a successful collateral attack on a criminal conviction or sentence. In all such cases, the superior court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 13 V.S.A. § 7133.

¶ 15. Petitioner's PCR argument was that the district court lacked jurisdiction to enter judgment on his burglary and unlawful restraint convictions. The superior court agreed. It also recognized that, by voiding the plea agreement, the original charge of kidnapping was reinstated. Thus, under § 7133, the superior court vacated petitioner's convictions and remanded petitioner to the district court, continuing the district court's jurisdiction over petitioner on the preexisting kidnapping charges.

¶ 16. The terms of the Rule 62 automatic-stay provisions make them inapplicable to the PCR context on their face. Rule 62(a)(1) prohibits a court from issuing a writ of execution or presiding over enforcement proceedings for thirty days after the entry of judgment, and Rule 62(d)(1) extends this prohibition for the pendency of an appeal. But a court's "discharge," pursuant to 13 V.S.A. § 7133, of a PCR petitioner would not ordinarily leave room for an enforcement action, the court being the entity obligated to do the discharging. It is evident that at least the automatic-stay provisions of Rule 62, which predate the PCR statutes, are an ill fit for PCR.

¶ 17. Having decided that an automatic stay does not go into effect upon the superior court's entry of a PCR judgment, we turn to the question of whether the superior court — by virtue of the discretionary-stay provisions of Rule 62 or otherwise — has the power to grant a discretionary stay of a PCR decision. We need not answer the question, however, because even if a superior court has the discretion to issue a stay, we see no evidence that the court actually exercised its discretion in this case. The court's one-line entry order, "limited stay granted, pending decision on appeal," does not reveal what, if anything, the court took under consideration in granting the State's motion. Nor does it even indicate whether the court agreed with the brief reasoning advanced by the State in support of the motion. We examine a trial court's discretionary rulings under an abuse-of-discretion standard of review. *Quenneville v. Buttolph*, 2003 VT 82, ¶ 11, 175 Vt. 444, 833 A.2d 1263. A court that withholds its discretion entirely, as the superior court did in this case, abuses that discretion. *Id.* On that basis, we grant petitioner's motion.