**STATE of Vermont v. Aaron RITTER**

[714 A.2d 624]

No. 96-288

April 10, 1998. Defendant Aaron Ritter appeals his dual convictions of second-degree aggravated domestic assault (13 V.S.A. § 1044). He argues that the trial court's decision permitting a single act that violates both § 1044(a)(1) and § 1044(a)(2) to be punished as separate crimes impermissibly infringes his right against double jeopardy. We agree and vacate one of the two convictions and remand for resentencing.

On the morning of October 8, 1995, defendant and his girlfriend had an argument. Angered that his girlfriend had been out late the previous night, defendant hit and kicked her while she was lying on a couch in the living room. Defendant's sister stopped the fight and brought the victim to a relative's house, where she complained that her ribs hurt and exhibited symptoms consistent with rib injury.

At the time of the attack, defendant was subject to a restraining order previously obtained by his girlfriend. In addition, defendant had a prior conviction for domestic assault and was subject to a conditional release order, also preventing him from having contact with his girlfriend.

Defendant was charged with numerous offenses arising out of the attack, including two counts of second-degree aggravated domestic assault. Prior to trial, defendant moved to merge the two counts of second-degree aggravated domestic assault, arguing that they violated the rule against multiplicity and defendant's right against double jeopardy. The State agreed that if the trial resulted in convictions under both counts, the convictions should merge. The trial court granted defendant's motion, ordering that if the jury returned guilty verdicts on both charges the State would be required to elect between them. Approximately one week later, however, the court announced that it had reconsidered its prior decision and concluded that it was permissible to convict defendant under both counts.

Defendant was subsequently convicted of violating an abuse prevention order and two counts of second-degree aggravated domestic assault. At the sentencing hearing both defendant and the State argued for the imposition of concurrent sentences for the two aggravated domestic assault convictions and the conviction for violating the abuse prevention order. Nevertheless, the trial court imposed consecutive sentences on all three counts.

Defendant argues that the trial court violated his right against double jeopardy by permitting his dual convictions of second-degree aggravated domestic assault. The Double Jeopardy Clause provides that no person may "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This provision has been incorporated into the Fourteenth Amendment and applies to the states. See *Benton v. Maryland*, 395 U.S. 784, 795 (1969). "When a defendant is tried in a single trial for two statutory offenses that criminalize the same conduct, whether or not a conviction and sentence may be had under each statute is a question of legislative intent, not constitutional prohibition." *State v. Grega*, 168 Vt. —, —, 721 A.2d 445, 458 (1998); accord *Missouri v. Hunter*, 459 U.S. 359, 367 (1983). The Legislature may punish the same conduct under two or more statutory provisions, but its intent to do so must be clear. See *Grega*, 168 Vt. at —, 721 A.2d at 458; *Hunter*, 459 U.S. at 367. When it is not, we apply as a rule of statutory construction the test first enunciated by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under this test, two offenses are considered the same offense for double jeopardy purposes unless

"each provision requires proof of a fact the other does not." *Id.*

The proper inquiry in the instant case is whether the Legislature intended for a single act of domestic assault, committed under two separate aggravating circumstances, to be punished by two separate convictions of second-degree aggravated domestic assault. The second-degree aggravated domestic assault statute provides that:

A person commits the crime of second degree aggravated domestic assault if the person:

(1) commits the crime of domestic assault and causes bodily injury to another person and such conduct violates specific conditions of a criminal court order in effect at the time of the offense imposed to protect that other person; or

(2) commits a second or subsequent offense of domestic assault, which causes bodily injury.

13 V.S.A. § 1044(a).

The statute does not specifically provide for cumulative punishment. Nevertheless, each offense requires proof of a fact that the other does not. Second-degree aggravated domestic assault under § 1044(a)(1) requires proof that the domestic assault violates an order of protection, while § 1044(a)(2) requires proof of a prior conviction for domestic assault. The offenses are not the same under the *Blockburger* test. Therefore, the Legislature is presumed to have authorized cumulative punishment under the two statutory subsections because each subsection is presumed to define a distinct crime.

"The *Blockburger* presumption may be overcome, however, by a 'clear indication of contrary legislative intent.'" *Grega*, 168 Vt. at —, 721 A.2d at 460 (quoting *Albernaz v. United States*, 450 U.S. 333, 340 (1981)). Defendant argues that the *Blockburger* presumption is overcome in this case because construing the subsections of § 1044(a) as defining separate offenses would lead to absurd results that could not have been intended by the Legislature. We agree.

The aggravating factors in § 1044(a) allow courts to impose a greater penalty when the underlying crime of domestic assault is committed. Thus, domestic assault committed under one of the two enumerated aggravating circumstances becomes second-degree aggravated domestic assault, and the maximum authorized punishment is significantly more severe than domestic assault under § 1042. The maximum penalty increases from imprisonment of not more than one year and a $5,000 fine for domestic assault, § 1042, to imprisonment of not more than five years and a $10,000 fine for second-degree aggravated domestic assault, § 1044(b).

Defendant in the instant case did not commit multiple acts of domestic assault involving separate occurrences or separate victims. Absent the aggravating factors, defendant's unitary act against a single victim could support only a single conviction of domestic assault. Because defendant's unitary act occurred under aggravating circumstances, it is punishable as second-degree aggravated domestic assault rather than domestic assault. We do not agree, however, that because the domestic assault occurred under two aggravating circumstances, it suddenly becomes punishable as two counts of second-degree aggravated domestic assault, permitting an additional sentence of up to five years imprisonment and up to a $10,000 fine.

We also note that there is substantial overlap between the aggravating factors. A person with a prior conviction for domestic assault may very well be subject to an order of protection preventing future

abuse. It therefore seems likely that in a substantial number of cases a person committing a subsequent domestic assault would fall under both subsections of § 1044. We do not believe that the Legislature intended to authorize separate sentences under such circumstances. We conclude, therefore, that § 1044(a)(1) and (2) define alternative ways of committing second-degree aggravated domestic assault, rather than creating two separate offenses. Cf. *State v. Nash*, 144 Vt. 427, 433, 479 A.2d 757, 760 (1984) (13 V.S.A. § 3252(a)(1)(A), (B), and (C) are not separate crimes; they are separate ways by which a single offense may be committed.); *State v. Matthews*, 42 Vt. 542, 545-46 (1870) (alternative modes of violating statute set out in the same statutory paragraph did not create separate offenses).

*One of defendant's convictions for second-degree aggravated domestic assault vacated, the other conviction affirmed, and the matter remanded for resentencing.*