# In re Stewart Jones

[989 A.2d 482]

No. 08-504

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed November 6, 2009

2

*Matthew Valerio*, Defender General, *Seth Lipschutz*, Prisoners' Rights Office, and *Laura Ceva*, Law Clerk, Montpelier, for Petitioner-Appellee.

*William H. Sorrell*, Attorney General, and *John Treadwell*, Assistant Attorney General, Montpelier, for Respondent-Appellant.

¶ 1. **Skoglund, J.** The State appeals from a decision of the Windsor Superior Court granting petitioner post-conviction relief (PCR) on the grounds that his convictions for burglary and unlawful restraint are void. The superior court held that the criminal limitations period, set out in 13 V.S.A. §§ 4501 and 4503[1], could not be waived. We affirm.

¶ 2. The facts of the underlying case are presented in our opinion *In re Jones*, 2009 VT 39, ¶¶ 2-4, 185 Vt. 638, 973 A.2d 1198 (mem.), and we will recount them only briefly here. While committing a home burglary in February 1997, two perpetrators

---

[1] Unless otherwise noted, all statutory references are to Title 13 of the Vermont Statutes.

physically restrained two elderly homeowners with duct tape and an electrical cord before taking money and other valuables from the house. The crime remained unsolved until May 2006, when the State charged petitioner and another man with two counts of kidnapping in violation of § 2405(a)(1)(E). Petitioner was arrested in March 2007.

¶ 3. In May 2007, petitioner entered into a plea agreement with the State. The State amended the kidnapping charge to one count of burglary under § 1201 and two counts of unlawful restraint under § 2406(a)(3) in exchange for a nolo contendere plea on both charges. At the change-of-plea hearing, the State conceded that "the lone charge that could be filed at the time it was filed was the kidnapping [charge]" and that "but for the statute of limitations, [unlawful restraint and burglary] are likely the charges that would have been filed at the outset." The terms of the plea agreement expressly stated that "[petitioner] waives any statute of limitations claim that might apply to these charges." Petitioner also knowingly, intelligently and voluntarily waived such rights orally. The judge sentenced him to a term of eighteen-to-twenty-two years for the burglary charge, with concurrent one-to-five year sentences for the two unlawful restraint charges. After petitioner moved to reconsider the sentence, the judge reduced it to fourteen-to-twenty-two years.

¶ 4. Petitioner filed a PCR petition in March 2008 in Windsor Superior Court claiming that the charges of unlawful restraint and burglary were void because the statute of limitations on them had run. Arguing that the expiration of the limitations period on his convictions removed the district court's jurisdiction over the matter and rendered the proceedings void, petitioner moved for summary judgment.[2] The superior court granted the motion and vacated petitioner's convictions for burglary and unlawful restraint, while reinstating the kidnapping charges. This appeal followed.

¶ 5. The central question in this appeal is what effect the running of the statute of limitations for a crime has on a duly accepted criminal plea agreement and the consequent sentencing. As this case involves statutory interpretation of the criminal

---

[2] Petitioner additionally argued that the State lacked probable cause for the initial charges of kidnapping, but the trial court declined to rule on this issue and it was not raised upon appeal.

statutes of limitation set forth in § 4501 and § 4503, we review it de novo. See *State v. Bonvie*, 2007 VT 82, ¶ 6, 182 Vt. 216, 936 A.2d 1291 (citing *Wright v. Bradley*, 2006 VT 100, ¶ 6, 180 Vt. 383, 910 A.2d 893).

¶ 6. As in many other states,[3] in Vermont the Legislature has chosen to limit the period of time in which the State can commence prosecuting an individual for certain crimes, though Vermont's statutory scheme is apparently unique in its two-part structure.[4] The crimes and time periods are laid out in the first statute, § 4501, which states in relevant part:

> (a) Prosecutions for aggravated sexual assault, murder, arson causing death, and kidnapping may be commenced at any time after the commission of the offense.

> (b) Prosecutions for manslaughter, sexual assault, lewd and lascivious conduct, sexual exploitation of children, grand larceny, robbery, burglary, embezzlement, forgery, bribery offenses, false claims, fraud under subsection 141(d) of Title 33, and felony tax offenses shall be commenced within six years after the commission of the offense, and not after.

> . . . .

> (e) Prosecutions for other felonies and for misdemeanors shall be commenced within three years after the commission of the offense, and not after.[5]

The second governing statute, § 4503, mandates that "[i]f a prosecution for a felony or misdemeanor, other than arson and murder, is commenced after the time limited by section 4501 . . . of this title, such proceedings shall be void."

---

[3] Only South Carolina and Wyoming have not enacted any criminal limitations period. See A. Adlestein, *Conflict of the Criminal Statute of Limitations with Lesser Offenses at Trial*, 37 Wm. & Mary L. Rev. 199, 250 n.223 (1995).

[4] Compare §§ 4501 & 4503 with Conn. Gen. Stat. § 54-193, Me. Rev. Stat. Ann. tit. 17-A, § 8, Mass. Gen. Laws ch. 277, § 63, N.H. Rev. Stat. § 625:8, N.Y. Crim. Pro. Law § 30.10, 42 Pa. Cons. Stat. § 5552 and R.I. Gen. Laws § 12-12-17.

[5] The quoted text is from the statute as it existed prior to the 2009 amendments. See 2009, No. 58, § 15. As those amendments are not relevant to our interpretation of the statute and the PCR court ruled based on the prior version, we omit the changes from this opinion.

¶ 7. As always, when interpreting a statute, we attempt to "determine and give effect to the intent of the Legislature." *Delta Psi Fraternity v. City of Burlington*, 2008 VT 129, ¶ 7, 185 Vt. 129, 969 A.2d 54. Our first step in the process is to ascertain the plain meaning of the statute, as we presume that that is the most basic expression of legislative intent. See *State v. Rafuse*, 168 Vt. 631, 632, 726 A.2d 18, 19 (1998) (mem.). We interpret penal statutes strictly, but not "so strictly as to defeat the legislative purpose in enacting the law or to produce irrational and absurd results." *Id.* (citing *State v. Galusha*, 164 Vt. 91, 93, 665 A.2d 595, 596 (1995)).

¶ 8. In looking first to § 4501, the use of the imperative "shall" throughout that statute operates as a mandate requiring the State to file charges and commence prosecution for a given crime within the associated period. See *id.* at 632, 726 A.2d at 19 ("Statutes generally use 'shall' as imperative or mandatory language. . . . [I]t is a word of command, and it is inconsistent with a concept of discretion.") (citing Black's Law Dictionary 1375 (6th ed. 1990)). We understand the "prosecution" to be "commenced" at: "(1) the arrest of the defendant without warrant; (2) the issuance to him by a law enforcement or prosecuting officer of a citation to appear; or (3) the presentation of an information or indictment to a judicial officer for the purpose of obtaining a summons or arrest warrant." § 4508.[6]

¶ 9. The second controlling provision in Vermont's statutes of limitation provides a remedy for any violation of the limitations periods set forth in § 4501. The language of this statute has remained virtually unchanged throughout the state's history. See Laws of the State of Vermont, ch. 68, § 3, pg. 594 (1797) ("[I]f any action, suit, bill, complaint, information or indictment for any crime or misdemeanor, (except arson and murder) shall be brought, had commenced, or prosecuted, after the time hereby limited, that then the same shall be void and of no effect."). The current language of the section makes plain that when the State commences a prosecution after the time period laid out in § 4501, "such proceedings shall be void." § 4503. By using "shall" and providing a remedy for the violation of § 4501's time limitation,

---

[6] To the extent that the State argued that the plea agreement was the "termination" of the prosecution, and thus not impacted by the law limiting the time for "commencing" the prosecution, this argument is unavailing.

the Legislature made clear that, like its sister statute, this provision is mandatory. See *In re Mullestein*, 148 Vt. 170, 173-74, 531 A.2d 890, 892-93 (1987) (if Legislature provides time limit for action and consequence for failure to meet limit, statutory language is mandatory). We have thus recognized that this language renders a criminal complaint " 'void and of no effect' " when the limitations period has run. *Vaughn v. Congdon*, 56 Vt. 111, 115 (1883) (quoting previous version of § 4503, 11 R.L.V., ch. 88, § 1586 (1880)). Accordingly, we take the provision to mean what it says: all criminal prosecution proceedings are void when the applicable statute of limitations for the charged crime has run. This result is in line with our precedent interpreting other applications of the statute of limitations. See *State v. Delisle*, 162 Vt. 293, 315, 648 A.2d 632, 646 (1994) (Johnson, J., concurring) ("[P]rosecutions for felonies and misdemeanors commenced after the statute of limitations has run 'shall be void.' ") (quoting § 4503; citing *Mullestein*, 148 Vt. at 173-74, 531 A.2d at 892-93); *State v. Petrucelli*, 156 Vt. 382, 384, 592 A.2d 365, 366 (1991) ("[O]nce the statute of limitations in effect at the time of the alleged offense runs out . . . a criminal, by grace of the legislature, is granted a right to be free from prosecution despite continuing liability."); *Vaughn*, 56 Vt. at 115-16.

¶ 10. Our interpretation of § 4503 effectuates the Legislature's clear and unwavering intent in a manner that is neither irrational nor absurd — if the State does not commence prosecuting a given crime within a set time period, the defendant is free from the fear of future criminal liability for that charge. This is one of the central policies underlying the enactment of a statute of limitations. See *Delisle*, 162 Vt. at 315, 648 A.2d at 646 (Johnson, J., concurring) (The statute of limitations "protects potential defendants from having to defend against charges when the passage of time has obscured basic facts . . . and it creates a fixed time period following the occurrence of the punishable act in which a person is exposed to criminal prosecution through the power of the state."). Moreover, definitively limiting the time in which the State can commence a prosecution may encourage prompt investigation of crimes, see *State v. Burns*, 151 Vt. 621, 623 n.3, 564 A.2d 593, 595 n.3 (1989) (citing *Toussie v. United States*, 397 U.S. 112, 114-15 (1970)), and prevent the invalid extension of the limitations period through the charging of nontime limited crimes.

¶ 11. In applying the mandates of this statutory scheme to the facts of the case at bar, we affirm the PCR court's ruling that petitioner's plea agreement and sentencing are void. The underlying crime in this case occurred in February 1997, but the State did not commence formal prosecution for kidnapping until nine years later, issuing an arrest warrant for petitioner in March 2006. The State did not bring charges of unlawful restraint and burglary until the crime was more than a decade old. The prosecutor freely admitted that the applicable statutes of limitation had run on the crimes for which petitioner is currently imprisoned before he was ever arrested or sentenced. In effect, he pled guilty to offenses for which there could be no judgment of conviction.

*Affirmed.*