2013 VT 120

## State of Vermont v. Bryan Wainwright
## State of Vermont v. Matthew E. Wilder

[88 A.3d 423]

Nos. 12-213 & 13-010

Present: **Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.**

Opinion Filed December 20, 2013

---

*David W. Gartenstein* and *Steven M. Brown*, Windham County Deputy State's Attorneys, Brattleboro, for Plaintiff-Appellant.

*Matthew F. Valerio*, Defender General, *Dawn Matthews* and *Rebecca Turner*, Appellate Defenders, Montpelier, for Defendants-Appellees.

¶ 1. ■ **Dooley, J.** In these consolidated appeals, we consider whether the same prior conviction for driving under the influence (DUI) may serve both to criminalize a refusal to submit to an evidentiary blood-alcohol test under 23 V.S.A. § 1201(b) and to enhance the penalty for that offense under 23 V.S.A. § 1210. The trial court held that the statute prohibited such dual use, and the State appeals. We reverse, and conclude that the plain language of the statute allows the same prior DUI conviction to be used both as an element of criminal refusal and to enhance the penalty for the refusal.

¶ 2. The material facts in the two cases before us may be briefly recounted. In *State v. Wainwright*, Docket No. 2012-213, defendant was charged with DUI, second offense, for refusing to submit to an evidentiary blood or breath test in violation of 23 V.S.A. § 1201(b), which provides:

> A person who has previously been convicted of a violation of this section shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway and refuse a law enforcement officer's reasonable request under the circumstances for an evidentiary test where the officer had reasonable grounds to believe the person was in violation of subsection (a) of this section.[1]

The information alleged that Wainwright had been previously convicted of violating 23 V.S.A. § 1201(a) on July 8, 2008, and that

---

[1] Subsection (a) prohibits the operation, attempted operation, or physical control of a vehicle by a person in any of the following circumstances: with a blood-alcohol concentration over 0.08, or 0.04 if operating a commercial motor vehicle, or 0.02 if operating a school bus; while under the influence of intoxicating liquor; or while under the influence of any other drug or combination of alcohol and drugs that renders the person incapable of driving safely. 23 V.S.A. § 1201(a)(1)-(4).

this conviction triggered the application of § 1201(b). It also alleged that defendant was subject to a second-offense penalty, which provides that "[a] person convicted of violating section 1201 of this title who has been convicted of another violation of that section" shall be subject to a term of imprisonment of not more than two years, a fine of up to $1500, or both, and at least 200 hours of community service.[2] 23 V.S.A. § 1210(c).

¶ 3. In an entry order dated May 12, 2012, the trial court found no probable cause for the second-offense allegation. The court reasoned that the information alleged only one prior conviction of 23 V.S.A. § 1201, that the prior conviction was "an essential element of [the] present charge" of refusal pursuant to § 1201(b), and that the prior conviction could not also be considered "another violation of that section" under § 1210(c) to enhance the penalty for a second offense. The State moved for permission to appeal the order, which was granted.

¶ 4. In *State v. Wilder*, Docket No. 2013-010, defendant was charged with DUI, fourth offense, in violation of § 1201(b), for refusing to submit to an evidentiary test. The information alleged that defendant had been previously convicted of violating 23 V.S.A. § 1201(a) in October 1989, September 1992, and June 2011. In December 2012, the trial court issued an entry order finding no probable cause for the charge of DUI, *fourth* offense, reasoning — as in *Wainwright* — that "[g]iven the necessary use of one of the prior convictions to establish an element of the current charge, the same prior conviction cannot be considered 'another violation' of the same section." Thus, the court concluded that the allegations supported at most a charge of DUI, *third* offense. We granted the State's subsequent motion for permission to appeal, and consolidated the matter with *Wainwright* for purposes of review on appeal.

¶ 5. The State asserts that the trial court erred in concluding that the same prior conviction of § 1201(a) cannot be used both to criminalize a refusal under § 1201(b) and to enhance the penalty for that offense under § 1210. The parties agree that the issue as framed turns solely on the legislative intent underlying the statutory scheme, and thus presents a question of law that we address de novo. *State v. Therrien*, 2011 VT 120, ¶ 9, 191 Vt. 24,

_____
[2] Wainwright was also charged with one count of driving with a suspended license, and one count of negligent operation of a motor vehicle.

38 A.3d 1129 ("The interpretation of a statute is a question of law that we review de novo.").

¶ 6. ■ ■ As we have repeatedly stated, in interpreting statutes our goal is to implement the intent of the Legislature. *State v. Rafuse,* 168 Vt. 631, 632, 726 A.2d 18, 19 (1998) (mem.). Therefore, we first look to the plain and ordinary meaning of the statutory language. See *State v. Fletcher,* 2010 VT 27, ¶ 10, 187 Vt. 632, 996 A.2d 213 (mem.) (stating that where language of statute is plain and unambiguous, Court will enforce it according to its terms). "We interpret penal statutes strictly, but not so strictly as to defeat the legislative purpose in enacting the law or to produce irrational and absurd results." *In re Jones,* 2009 VT 113, ¶ 7, 187 Vt. 1, 989 A.2d 482 (quotation omitted). Although we generally apply a rule of lenity, it does not apply if the statutory language is unambiguous. Cf. *State v. Goodhue,* 2003 VT 85, ¶ 21, 175 Vt. 457, 833 A.2d 861 (explaining that rule of lenity directs that "any doubts created by ambiguous legislation be resolved in favor of the defendant").

¶ 7. ■ ■ Here, the language is clear. Under the statutory scheme, a person, who has previously violated § 1201(a) and refuses an officer's reasonable request to submit to an evidentiary test, commits a crime. 23 V.S.A. § 1201(b). The penalty for that violation of § 1201 increases if a person has a prior violation of § 1201. See *id.* § 1210(c)-(e) (listing increased penalties for second, third, fourth, and higher offenses). The penalty enhancement is not dependent on which subsection of § 1201 is violated, but simply references a violation of "section 1201." See *id.* By referring generally to "section 1201" and not excluding § 1201(b) pertaining specifically to criminal refusal, the statute's language plainly indicates an intent to apply the increased punishments to successive violations of § 1201 regardless of how the section was violated — either through a blood-alcohol level above the legal limit, a criminal refusal, or through some other manner. Defendants argue that if this were the Legislature's intent, it should have stated so more explicitly. Further explanation was not necessary, however, because the language stating that the recidivist penalty applies to violations of "section 1201" is explicit enough to understand that all prior violations act as enhancements of the current violation even if one prior violation was also used as an element of the refusal.

¶ 8. ██ ██ Further, what is also plain is that the statute does not contain the additional requirement imposed by the trial court — that one of the convictions under § 1201 cannot be a conviction for criminal refusal under § 1201(b), at least if it is the first such conviction. Absent such an indication, we will not impose this added restriction to implementation of the statute. See *State v. O'Neill*, 165 Vt. 270, 275, 682 A.2d 943, 946 (1996) ("It is inappropriate to read into a statute something which is not there unless it is *necessary* in order to make the statute effective.").

¶ 9. ██ We are further convinced that defendants' interpretation of the statute is not what the Legislature intended because of an inconsistency that results when a defendant with a prior conviction is charged with both refusal and DUI. The statute specifies that "[a] person may not be convicted of more than one violation of subsection (a) of this section arising out of the same incident." 23 V.S.A. § 1201(f). The prior version of the statute prohibited convicting a person "of more than one offense under this section arising out of the same incident." See 2007, No. 195 (Adj. Sess.), § 4. By changing the statute to preclude multiple convictions of "subsection (a)," rather than of § 1201 generally, the Legislature indicated its intent to allow a defendant's behavior in a single incident to result in charges both for refusal, under § 1201(b), and DUI under § 1201(a)(2). This is exactly what the State charged concerning defendant Wilder, who the State alleged has three prior violations of § 1201. A curious contradiction results, however. Because the trial court concluded that one of the prior convictions could not both be used as an element of the refusal and for purposes of enhancement, the refusal is reduced to a third-offense penalty, while the DUI remains subject to a fourth-offense penalty. The Legislature's direction was to allow the State to convict for both refusal and DUI, and provided no instruction that the refusal penalty should be anything less than that applied to the DUI. Absent such direction, we will not apply such a limit of our own accord.

¶ 10. Defendants liken their situations to cases where this Court has disapproved of using multiple convictions arising out of the same criminal transaction to establish habitual offender status. See *State v. Angelucci*, 137 Vt. 272, 289, 405 A.2d 33, 42 (1979) (noting that multiple convictions arising from same criminal transaction should be treated as one for habitual criminal purposes), *superseded by statute on other grounds as recognized in State v.*

*Carpenter*, 2013 VT 28, ¶ 8, 193 Vt. 484, 70 A.3d 1023. There is no similarity to defendants' situation in these consolidated cases. Here, there is no attempt to use multiple convictions arising from the same transaction to enhance defendants' penalties.

¶ 11. ■ Defendants also argue that their situation is similar to that of the defendant in *State v. Ritter*, 167 Vt. 632, 714 A.2d 624 (1998) (mem.). In *Ritter*, the defendant was charged with two counts of domestic abuse because two aggravating factors were present. This Court reversed, concluding that it would be an absurd result to allow two convictions for one act simply because two aggravating factors were present. *Id.* at 633, 714 A.2d at 626. There is no similar absurdity created here. Defendants committed a crime by refusing a reasonable request to submit to an evidentiary test. The punishment for that offense is increased because defendants have one or more prior convictions for violating § 1201. Defendants' contention that implementing both statutes would eviscerate the penalty expressly prescribed by the Legislature for first violations of § 1201(b) is without merit. Defendant Wainwright mistakenly portrays his crime as a first offense, but, as explained, the recidivist penalties do not delineate between different types of § 1201 violations. Under the statutory scheme, the recidivist penalties apply to *all* successive violations of § 1201, regardless of the type. Therefore, although it may be his first criminal refusal, it is a successive violation of § 1201, and therefore the recidivist penalties of § 1210 apply.

¶ 12. Defendants argue that other jurisdictions have rejected using a conviction as an enhancement for more than one basis. There is no double enhancement here, however. Defendants' prior DUI convictions are being used for enhancement purposes only once, and there is no attempt to apply multiple recidivist or habitual offender provisions. Further, because the question of legislative intent is necessarily dependent on the particular statutory language, the cases from other jurisdictions interpreting different habitual or recidivist offender statutes are not relevant to

the question before us, which is solely one of statutory interpretation.[3]

*Reversed and remanded for further proceedings consistent with this decision.*

¶ 13. **Skoglund, J.,** dissenting. The State here asserts, and the majority essentially agrees, that the same prior DUI conviction may be used both to criminalize a refusal to submit to an evidentiary test under 23 V.S.A. § 1201(b) and to enhance the penalty for that offense because the statute does not specifically

---

[3] The dissent's reliance on out-of-state decisions applying other states' laws is misplaced. The dissent cites two decisions in particular. The first, *State v. King*, 313 S.E.2d 144 (Ga. Ct. App. 1984), raises the question of whether Georgia law allows the same prior felony to serve as a requisite element of a felon-in-possession-of-a-firearm charge and also to enhance the penalty under the repeat-offender statute. The court concluded that the statute did not allow such use because otherwise the penalty of one-to-five years for a felon-in-possession conviction would be rendered void and entirely subsumed by the repeat-offender punishment requiring a minimum of five years imprisonment. *Id.* at 144-45.

Here, there is no similar reason to infer that a prior DUI cannot be used as an element of refusal and to enhance that DUI conviction. No part of the DUI statute is rendered meaningless by allowing a "first" refusal to be penalized as a second DUI offense because there is no discrete penalty for a "first" refusal — the penalties are for all violations of § 1201. Because a first-offense DUI can be committed in ways other than by refusal, the first-offense penalty is not rendered meaningless. See 23 V.S.A. § 1210(b).

The other case the dissent specifically relies on is *People v. Ferguson*, 547 N.E.2d 429 (Ill. 1989). In that case, the court considered whether the victim's age could be used as a double enhancement — to both change the severity of the crime and to impose an additional penalty under a separate statute. The court concluded that absent a clear legislative intent, there was no basis to allow the victim's age to be used as an additional penalty. *Id.* at 434.

Here, there is no attempt to create a double enhancement. A prior offense is a prerequisite to the crime of refusal, but the prior offense enhances the crime only once.

In addition, both of these out-of-state cases involve attempts to harmonize provisions from different statutory schemes. In that context, there is perhaps reason to be hesitant to infer that a legislature foresaw how the two provisions would interact and to be cautious in interpreting the statute to allow for an additional penalty.

Here, there is no similar uncertainty. The definition of refusal and the penalty provision for successive DUI convictions are part of the same statutory scheme. The Legislature specifically indicated that refusal to submit to an evidentiary test is one means to violate 23 V.S.A. § 1201, and that subsequent violations of § 1201 result in increased penalties, 23 V.S.A. § 1210.

prohibit it. I respectfully disagree. The argument overlooks the plain fact that the Legislature has deliberately defined a number of individual DUI offenses under § 1201, including that of refusal to submit to an alcohol test after a prior conviction, and has equally plainly defined the penalty for "[a] person who violates section 1201" as a fine of up to $750 or imprisonment for not more than two years, or both. 23 V.S.A. § 1210(b). If — as the State contends — every violation of § 1201(b) were, in effect, a second offense, it would simply eviscerate the penalty expressly prescribed by the Legislature for first violations of § 1201, including § 1201(b). It is axiomatic, however, that we must construe legislation to avoid rendering any portions thereof superfluous. See *In re Lunde*, 166 Vt. 167, 171, 688 A.2d 1312, 1315 (1997) ("Generally, we do not construe a statute in a way that renders a significant part of it pure surplusage." (quotation omitted)). The statutory scheme as a whole, therefore, refutes reliance on the same prior conviction both to criminalize a refusal under § 1201(b) and to enhance the penalty for the violation.

¶ 14. This construction finds additional support in the language of § 1201(d), which prohibits driving with a blood alcohol concentration of "0.02 or more if the person has previously been convicted of a second or subsequent violation of subsection (a), (b), or (c) of this section within the preceding three years and the person's alcohol concentration for the second or subsequent violation was proven to be 0.16 or greater." 23 V.S.A. § 1201(d)(2). The same section goes on to provide that "[a] violation of this subsection shall be considered a third or subsequent violation of this section and shall be subject to the penalties of subsection 1201(d) of this title." *Id.* The Legislature has thus shown itself to be fully capable of stating when a prior conviction which forms an essential element of a § 1201 violation may also be used as a penalty enhancement. See *Daniels v. Vt. Ctr. for Crime Victims Servs.*, 173 Vt. 521, 523, 790 A.2d 376, 379 (2001) (mem.) (observing that "[w]here the Legislature has demonstrated that it knows how to provide explicitly" for certain action "we are reluctant to imply such an action without legislative authority").

¶ 15. We must be cognizant, as well, of the general "rule of lenity," which directs that "any doubts created by ambiguous legislation be resolved in favor of the defendant." *State v. Goodhue*, 2003 VT 85, ¶ 21, 175 Vt. 457, 833 A.2d 861; see also *State v. Oliver*, 151 Vt. 626, 629, 563 A.2d 1002, 1004 (1989)

("Penal statutes . . . are to be strictly construed in a manner favorable to the accused."). To the extent, therefore, that the statute could even arguably be construed to permit the enhancement of a sentence with the same prior conviction that criminalizes the offense, the issue must nevertheless be resolved in favor of defendants absent a clear statement to that effect in the legislation.

¶ 16. Although the question of legislative intent is necessarily Vermont-specific, a number of decisions from other jurisdictions do provide useful guidance. In *State v. King*, for example, the question was "whether the state can use the prior felony conviction required to convict a convicted felon for being in possession of a firearm, and then use the same prior conviction to enhance the sentence." 313 S.E.2d 144, 144 (Ga. Ct. App. 1984). The court concluded that the legislature did not intend such dual use, reasoning that "[i]f the General Assembly intended that repeat offender punishment . . . applied to possession of a firearm by a convicted felon, then every conviction for that offense could result in a minimum punishment of five years, thus rendering the authorized punishment for the offense of one to five years meaningless." *Id.* at 144-45. The court relied, as well, on the rule of lenity applicable in criminal matters, observing that "[i]f a statute increasing a penalty is capable of two constructions, it should be construed so as to operate in favor of life and liberty." *Id.* at 145 (quotation omitted).

¶ 17. The Illinois Supreme Court employed similar reasoning in *People v. Ferguson*, 547 N.E.2d 429 (Ill. 1989), where the issue was whether the victim's age may be considered as a statutory factor in imposing an enhanced sentence where it was also an element of the offense. The court ruled that it could not do so "absent a clear legislative intent to accomplish that result," reasoning that "in determining the appropriate range of punishment for a criminal offense, the legislature must have necessarily considered the factors inherent in the offense." *Id.* at 433. The court also relied on the rule of lenity, noting "that any ambiguity in penal statutes, particularly in the case of enhancement provisions, must be resolved in favor of the defendant." *Id.* at 434. Other decisions are to similar effect. See, e.g., *Stone v. State*, 727 N.E.2d 33, 37 (Ind. Ct. App. 2000) (noting general rule that factor which "comprises a material element of the offense" may not also constitute statutory aggravating factor "to support an enhanced

sentence"); *Ruth v. State,* 1998 OK CR 50, ¶ 3, 966 P.2d 799 (reaffirming rule that "a prior felony cannot be used as both an element of the offense and as punishment enhancement"); *Wiltz v. State,* 787 S.W.2d 511, 512 (Tex. Ct. App. 1990) ("It is well settled that the State may not use a prior conviction to prove an essential element of the case on trial and also use that same conviction to enhance punishment on the offense being tried.").

¶ 18. The State's arguments to the contrary are unpersuasive. It observes that this and other courts have "consistently held that reliance on previous convictions both to criminalize conduct and to enhance penalties does not violate the Double Jeopardy Clause." As noted, however, the issue as framed by the trial court and the parties here turns solely on the question of legislative intent; no constitutional claim was raised or briefed by the parties. The State also maintains, and the majority agrees, that disallowing dual use of the prior conviction "leads to an absurd result" by allowing a repeat offender to be punished for a first-offense. The argument again overlooks the fact that it was the Legislature that defined the elements of the offenses set forth in § 1201 and the penalties for each violation thereof. I discern nothing inherently "absurd" in a legislative determination that, before committing the first offense of refusal to submit to an alcohol test, a defendant should have experienced at least one prior DUI conviction. See *Judicial Watch, Inc. v. State,* 2005 VT 108, ¶ 16, 179 Vt. 214, 892 A.2d 191 (cautioning that the absurd-results doctrine "should be used sparingly" lest it lead to the substitution of this Court's policy judgments for those of the Legislature, and should apply only where judicial construction would produce a result "demonstrably at odds with any conceivable legislative purpose" (quotations omitted)). If the Legislature's intent were to define a criminal refusal under § 1201(b) as a second offense it could have easily said so, and it retains the prerogative to do so in the future. As it stands, however, the trial court's construction of the statute as barring use of the same prior conviction to both criminalize and enhance an offense under § 1201(b) was correct. Accordingly, I would affirm the judgments.