2013 VT 120



State v. Wainwright, State v.
Wilder (2012-213 & 2013-010)

 

2013 VT 120

 

[Filed 20-Dec-2013]

 

NOTICE:  This opinion is subject
to motions for reargument under V.R.A.P. 40 as well as formal revision before
publication in the Vermont Reports.  Readers are requested to notify the
Reporter of Decisions by email at: JUD.Reporter@state.vt.us or by mail at: Vermont
Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors
in order that corrections may be made before this opinion goes to press.

 

 


 2013 VT 120
 
  


 Nos. 2012-213 & 2013-010
 
  


 State of Vermont
 
 
 Supreme Court
 
 
  
 
 
  
 
 
  
 
 
 On Appeal from
 
 
      v.
 
 
 Superior Court, Windham Unit,
 
 
  
 
 
 Criminal Division
 
 
  
 
 
  
 
 
 Bryan Wainwright
 
 
 April Term, 2013
 
 
  
 
 
  
 
 
 State of Vermont 
  
      v.
  
 Matthew E. Wilder
 
 
  
 
 
  
  
 David Suntag, J.
 
 
  
 
 David W. Gartenstein and Steven M. Brown, Windham County Deputy
State’s Attorneys,

  Brattleboro, for Plaintiff-Appellant.

 

Matthew F. Valerio, Defender General, Dawn Matthews and
Rebecca Turner, Appellate

   Defenders, Montpelier, for Defendants-Appellees.

 

 

PRESENT:  Reiber, C.J., Dooley, Skoglund, Burgess and Robinson,
JJ.

 

 

¶ 1.          
DOOLEY, J.   In these consolidated appeals, we consider whether
the same prior conviction for driving under the influence (DUI) may serve both to
criminalize a refusal to submit to an evidentiary blood-alcohol test under 23
V.S.A. § 1201(b) and to enhance the penalty for that offense under 23
V.S.A. § 1210.  The trial court held that the statute prohibited such dual
use, and the State appeals.  We reverse, and conclude that the plain language
of the statute allows the same prior DUI conviction to be used both as an
element of criminal refusal and to enhance the penalty for the refusal.

¶ 2.          
The material facts in the two cases before us may be briefly recounted. 
In State v. Wainwright, Docket No. 2012-213, defendant was charged with DUI,
second offense, for refusing to submit to an evidentiary blood or breath test in
violation of 23 V.S.A. § 1201(b), which provides: 

A
person who has previously been convicted of a violation of this section shall
not operate, attempt to operate, or be in actual physical control of any
vehicle on a highway and refuse a law enforcement officer’s reasonable request
under the circumstances for an evidentiary test where the officer had
reasonable grounds to believe the person was in violation of subsection (a) of
this section.[1]

 

The information alleged that
Wainwright had been previously convicted of violating 23 V.S.A. § 1201(a)
on July 8, 2008, and that this conviction triggered the application of § 1201(b). 
It also alleged that defendant was subject to a second-offense penalty, which
provides that “[a] person convicted of violating section 1201 of this title who
has been convicted of another violation of that section” shall be subject to a
term of imprisonment of not more than two years, a fine of up to $1500, or
both, and at least 200 hours of community service.[2]
 23 V.S.A. § 1210(c).

¶ 3.          
In an entry order dated May 12, 2012, the trial court found no probable
cause for the second-offense allegation.  The court reasoned that the
information alleged only one prior conviction of 23 V.S.A. § 1201, that
the prior conviction was “an essential element of [the] present charge” of
refusal pursuant to § 1201(b), and that the prior conviction could not also be
considered “another violation of that section” under § 1210(c) to enhance
the penalty for a second offense.  The State moved for permission to appeal the
order, which was granted.  

¶ 4.          
In State v. Wilder, Docket No. 2013-010, defendant was charged
with DUI, fourth offense, in violation of § 1201(b), for refusing to
submit to an evidentiary test.  The information alleged that defendant had been
previously convicted of violating 23 V.S.A. § 1201(a) in October 1989,
September 1992, and June 2011.  In December 2012, the trial court issued an
entry order finding no probable cause for the charge of DUI, fourth
offense, reasoning—as in Wainwright—that “[g]iven the necessary use of
one of the prior convictions to establish an element of the current charge, the
same prior conviction cannot be considered ‘another violation’ of the same
section.”  Thus, the court concluded that the allegations supported at most a
charge of DUI, third offense.  We granted the State’s subsequent motion
for permission to appeal, and consolidated the matter with Wainwright
for purposes of review on appeal.  

¶ 5.          
The State asserts that the trial court erred in concluding that the same
prior conviction of § 1201(a) cannot be used both to criminalize a refusal
under § 1201(b) and to enhance the penalty for that offense under § 1210. 
The parties agree that the issue as framed turns solely on the legislative
intent underlying the statutory scheme, and thus presents a question of law
that we address de novo.  State v. Therrien, 2011 VT 120, ¶ 9, 191 Vt.
24, 38 A.3d 1129 (“The interpretation of a statute is a question of law that we
review de novo.”). 

¶ 6.          
As we have repeatedly stated, in interpreting statutes our goal is to
implement the intent of the Legislature.  State v. Rafuse, 168 Vt. 631,
632, 726 A.2d 18, 19 (1998) (mem.).  Therefore, we first look to the plain and
ordinary meaning of the statutory language.  See State v. Fletcher, 2010
VT 27, ¶ 10, 187 Vt. 632, 996 A.2d 213 (mem.) (stating that where language
of statute is plain and unambiguous, Court will
enforce it according to its terms).  “We interpret penal statutes strictly, but
not so strictly as to defeat the legislative purpose in enacting the law or to
produce irrational and absurd results.”  In re Jones, 2009 VT 113,
¶ 7, 187 Vt. 1, 989 A.2d 482 (quotation omitted).  Although we generally
apply a rule of lenity, it does not apply if the statutory language is
unambiguous.  Cf. State v. Goodhue, 2003 VT 85, ¶ 21, 175 Vt. 457,
833 A.2d 861 (explaining that rule of lenity directs that “any doubts created by
ambiguous legislation be resolved in favor of the defendant”).

¶ 7.          
Here, the language is clear.  Under the statutory scheme, a person, who
has previously violated § 1201(a) and refuses an officer’s reasonable
request to submit to an evidentiary test, commits a crime.  23 V.S.A. § 1201(b). 
The penalty for that violation of § 1201 increases if a person has a prior
violation of § 1201.  See id. § 1210(c)-(e) (listing increased
penalties for second, third, fourth, and higher offenses).  The penalty
enhancement is not dependent on which subsection of § 1201 is violated,
but simply references a violation of “section 1201.”  See id.  By
referring generally to “section 1201” and not excluding § 1201(b)
pertaining specifically to criminal refusal, the statute’s language plainly
indicates an intent to apply the increased punishments to successive violations
of § 1201 regardless of how the section was violated—either through a
blood-alcohol level above the legal limit, a criminal refusal, or through some
other manner.  Defendants argue that if this were the Legislature’s intent, it
should have stated so more explicitly.  Further explanation was not necessary,
however, because the language stating that the recidivist penalty applies to
violations of “section 1201” is explicit enough to understand that all prior
violations act as enhancements of the current violation even if one prior
violation was also used as an element of the refusal.

¶ 8.          
Further, what is also plain is that the statute does not contain the
additional requirement imposed by the trial court—that one of the convictions under
§ 1201 cannot be a conviction for criminal refusal under § 1201(b), at
least if it is the first such conviction.  Absent such an indication, we will
not impose this added restriction to implementation of the statute.  See State
v. O’Neill, 165 Vt. 270, 275, 682 A.2d 943, 946 (1996) (“It is
inappropriate to read into a statute something which is not there unless it is necessary
in order to make the statute effective.”).  

¶ 9.          
We are further convinced that defendants’ interpretation of the statute
is not what the Legislature intended because of an inconsistency that results
when a defendant with a prior conviction is charged with both refusal and DUI. 
The statute specifies that “[a] person may not be convicted of more than one
violation of subsection (a) of this section arising out of the same incident.” 
23 V.S.A. § 1201(f).  The prior version of the statute prohibited
convicting a person “of more than one offense under this section arising out of
the same incident.”  See 2007, No. 195 (Adj. Sess.), § 4.  By changing the
statute to preclude multiple convictions of “subsection (a),” rather than of § 1201
generally, the Legislature indicated its intent to allow a defendant’s behavior
in a single incident to result in charges both for refusal, under § 1201(b),
and DUI under § 1201(a)(2).  This is exactly what the State charged
concerning defendant Wilder, who the State alleged has three prior violations
of § 1201.  A curious contradiction results, however.  Because the trial
court concluded that one of the prior convictions could not both be used as an
element of the refusal and for purposes of enhancement, the refusal is reduced
to a third-offense penalty, while the DUI remains subject to a fourth-offense
penalty.  The Legislature’s direction was to allow the State to convict for
both refusal and DUI, and provided no instruction that the refusal penalty
should be anything less than that applied to the DUI.  Absent such direction,
we will not apply such a limit of our own accord.

¶ 10.      
Defendants liken their situations to cases where this Court has
disapproved of using multiple convictions arising out of the same criminal
transaction to establish habitual offender status.  See State v. Angelucci,
137 Vt. 272, 289, 405 A.2d 33, 42 (1979) (noting that multiple convictions
arising from same criminal transaction should be treated as one for habitual
criminal purposes), superseded by statute on other grounds as recognized in
State v. Carpenter, 2013 VT 28, ¶ 8, ___ Vt. ___, 70 A.3d 1023.  There
is no similarity to defendants’ situation in these consolidated cases.  Here, there
is no attempt to use multiple convictions arising from the same transaction to
enhance defendants’ penalties.  

¶ 11.      
Defendants also argue that their situation is similar to that of the
defendant in State v. Ritter, 167 Vt. 632, 714 A.2d 624 (1998) (mem.). 
In Ritter, the defendant was charged with two counts of domestic abuse
because two aggravating factors were present.  This Court reversed, concluding
that it would be an absurd result to allow two convictions for one act simply
because two aggravating factors were present.  Id. at 633, 714 A.2d at
626.  There is no similar absurdity created here.  Defendants committed a crime
by refusing a reasonable request to submit to an evidentiary test.  The
punishment for that offense is increased because defendants have one or more prior
convictions for violating § 1201.  Defendants’ contention that implementing
both statutes would eviscerate the penalty expressly prescribed by the
Legislature for first violations of § 1201(b) is without merit.  Defendant
Wainwright mistakenly portrays his crime as a first-offense, but, as explained,
the recidivist penalties do not delineate between different types of § 1201
violations.  Under the statutory scheme, the recidivist penalties apply to all
successive violations of § 1201, regardless of the type.  Therefore, although
it may be his first criminal refusal, it is a successive violation of § 1201,
and therefore the recidivist penalties of § 1210 apply.  

¶ 12.      
Defendants argue that other jurisdictions have rejected using a
conviction as an enhancement for more than one basis.  There is no double
enhancement here, however.  Defendants’ prior DUI convictions are being used
for enhancement purposes only once, and there is no attempt to apply multiple
recidivist or habitual offender provisions.  Further, because the question of
legislative intent is necessarily dependent on the particular statutory
language, the cases from other jurisdictions interpreting different habitual or
recidivist offender statutes are not relevant to the question before us, which
is solely one of statutory interpretation.[3] 


Reversed and
remanded for further proceedings consistent with this decision. 

 


  
 
 
  
 
 
 FOR THE COURT:
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Associate
 Justice
 
  

¶ 13.      
SKOGLUND, J., dissenting.   The State here asserts, and the
majority essentially agrees, that the same prior DUI conviction may be used
both to criminalize a refusal to submit to an evidentiary test under 23 V.S.A.
§ 1201(b) and to enhance the penalty for that offense because the statute does
not specifically prohibit it.  I respectfully disagree.  The argument overlooks
the plain fact that the Legislature has deliberately defined a number of
individual DUI offenses under § 1201, including that of refusal to submit to an
alcohol test after a prior conviction, and has equally plainly defined the
penalty for “[a] person who violates section 1201” as a fine of up to $750 or imprisonment
for not more than two years, or both.  23 V.S.A. § 1210(b).  If—as the State
contends—every violation of § 1201(b) were, in effect, a second offense, it
would simply eviscerate the penalty expressly prescribed by the Legislature for
first violations of § 1201, including § 1201(b).  It is axiomatic, however,
that we must construe legislation to avoid rendering any portions thereof
superfluous.  See In re Lunde, 166 Vt. 167, 171, 688 A.2d 1313, 1315
(1997) (“Generally, we do not construe a statute in a way that renders a
significant part of it pure surplusage.” (quotation omitted)).  The statutory
scheme as a whole, therefore, refutes reliance on the same prior conviction
both to criminalize a refusal under § 1201(b) and to enhance the penalty for
the violation.

¶ 14.      
This construction finds additional support in the language of § 1201(d),
which prohibits driving with a blood alcohol concentration of “0.02 or more if
the person has previously been convicted of a second or subsequent violation of
subsection (a), (b), or (c) of this section within the preceding three years
and the person’s alcohol concentration for the second or subsequent violation
was proven to be 0.16 or greater.”  23 V.S.A. § 1201(d)(2).  The same section
goes on to provide that “[a] violation of this subsection shall be considered a
third or subsequent violation of this section and shall be subject to the
penalties of subsection 1210(d) of this title.”  Id.  The Legislature
has thus shown itself to be fully capable of stating when a prior conviction
which forms an essential element of a § 1201 violation may also be used as
a penalty enhancement.  See Daniels v. Vt. Ctr. for Crime Victims Servs.,
173 Vt. 521, 523, 790 A.2d 376, 379 (2001) (mem.) (observing that “[w]here the
Legislature has demonstrated that it knows how to provide explicitly” for
certain action “we are reluctant to imply such an action without legislative
authority”).

¶ 15.      
We must be cognizant, as well, of the general “rule of lenity,” which
directs that “any doubts created by ambiguous legislation be resolved in favor
of the defendant.”  State v. Goodhue, 2003 VT 85, ¶ 21, 175 Vt.
457, 833 A.2d 861; see also State v. Oliver, 151 Vt. 626, 629, 563 A.2d
1002, 1004 (1989) (“Penal statutes . . . are to be strictly construed in a
manner favorable to the accused.”).  To the extent, therefore, that the statute
could even arguably be construed to permit the enhancement of a sentence with
the same prior conviction that criminalizes the offense, the issue must
nevertheless be resolved in favor of defendants absent a clear statement to
that effect in the legislation.  

¶ 16.      
Although the question of legislative intent is necessarily Vermont-specific,
a number of decisions from other jurisdictions do provide useful guidance.  In State
v. King, for example, the question was “whether the state can use the prior
felony conviction required to convict a convicted felon for being in possession
of a firearm, and then use the same prior conviction to enhance the sentence.”
313 S.E.2d 144, 144 (Ga. Ct. App. 1984).  The court concluded that the legislature
did not intend such dual use, reasoning that “[i]f the General Assembly
intended that repeat offender punishment . . . applied to possession of a
firearm by a convicted felon, then every conviction for that offense could
result in a minimum punishment of five years, thus rendering the authorized
punishment for the offense of one to five years meaningless.”  Id. at 144-45. 
The court relied, as well, on the rule of lenity applicable in criminal
matters, observing that “[i]f a statute increasing a penalty is capable of two
constructions, it should be construed so as to operate in favor of life and
liberty.” Id. (quotation omitted).

¶ 17.      
The Illinois Supreme Court employed similar reasoning in People v.
Ferguson, 547 N.E.2d 429 (Ill. 1989), where the issue was whether the
victim’s age may be considered as a statutory factor in imposing an enhanced
sentence where it was also an element of the offense.  The court ruled that it
could not do so “absent a clear legislative intent to accomplish that result,”
reasoning that “in determining the appropriate range of punishment for a
criminal offense, the legislature must have necessarily considered the factors
inherent in the offense.”  Id. at 433.  The court also relied on the
rule of lenity, noting “that any ambiguity in penal statutes, particularly in
the case of enhancement provisions, must be resolved in favor of the
defendant.”  Id. at 434.  Other decisions are to similar effect.  See,
e.g., Stone v. State, 727 N.E.2d 33, 37 (Ind. Ct. App. 2000) (noting
general rule that factor which “comprises a material element of the offense”
may not also constitute statutory aggravating factor “to support an enhanced
sentence”); Ruth v. State, 1998 OK CR 50, ¶ 3, 966 P.2d 799, 799
(reaffirming rule that “a prior felony cannot be used as both an element of the
offense and as punishment enhancement”); Wiltz v. State, 787 S.W.2d 511,
512 (Tex. Ct. App. 1990) (“It is well settled that the State may not use a
prior conviction to prove an essential element of the case on trial and also use
that same conviction to enhance punishment on the offense being tried.”).    

¶ 18.      
The State’s arguments to the contrary are unpersuasive.  It observes that
this and other courts have “consistently held that reliance on previous
convictions both to criminalize conduct and to enhance penalties does not
violate the Double Jeopardy Clause.”  As noted, however, the issue as framed by
the trial court and the parties here turns solely on the question of
legislative intent; no constitutional claim was raised or briefed by the
parties.  The State also maintains, and the majority agrees, that disallowing
dual use of the prior conviction “leads to an absurd result” by allowing a
repeat offender to be punished for a first offense.  The argument again
overlooks the fact that it was the Legislature that defined the elements of the
offenses set forth in § 1201 and the penalties for each violation thereof.  I discern
nothing inherently “absurd” in a legislative determination that, before
committing the first offense of refusal to submit to an alcohol test, a
defendant should have experienced at least one prior DUI conviction.  See Judicial
Watch, Inc. v. State, 2005 VT 108, ¶ 16, 179 Vt. 214, 892 A.2d 191
(cautioning that the absurd-results doctrine “should be used sparingly” lest it
lead to the substitution of this Court’s policy judgments for those of the
Legislature, and should apply only where judicial construction would produce a
result “demonstrably at odds with any conceivable legislative purpose”
(quotations omitted)).  If the Legislature’s intent were to define a criminal
refusal under § 1201(b) as a second offense it could have easily said so,
and it retains the prerogative to do so in the future.  As it stands, however,
the trial court’s construction of the statute as barring use of the same prior
conviction to both criminalize and enhance an offense under § 1201(b) was
correct.  Accordingly, I would affirm the judgments.    


  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Associate Justice
 
  

 





[1] 
Subsection (a) prohibits the operation, attempted operation, or physical
control of a vehicle by a person in any of the following circumstances: with a
blood-alcohol concentration over 0.08, or 0.04 if operating a commercial motor
vehicle, or 0.02 if operating school bus; while under the influence of
intoxicating liquor; or while under the influence of any other drug or
combination of alcohol and drugs that renders the person incapable of driving
safely.  23 V.S.A. § 1201(a)(1)-(4).

 





[2] 
Wainwright was also charged with one count of driving with a suspended license,
and one count of negligent operation of a motor vehicle.  





[3] 
The dissent’s reliance on out-of-state decisions applying other states’ laws is
misplaced.  The dissent cites two decisions in particular.  The first, State
v. King, 313 S.E.2d 144 (Ga. Ct. App. 1984), raises the question of whether
Georgia law allows the same prior felony to serve as a requisite element of a
felon-in-possession-of-a-firearm charge and also to enhance the penalty under
the repeat-offender statute.  The court concluded that the statute did not
allow such use because otherwise the penalty of one-to-five years for a
felon-in-possession conviction would be rendered void and entirely subsumed by
the repeat-offender punishment requiring a minimum of five years imprisonment. 
Id. at 144-45.  

 

Here, there is no similar reason to infer that a prior
DUI cannot be used as an element of refusal and to enhance that DUI
conviction.  No part of the DUI statute is rendered meaningless by allowing a “first”
refusal to be penalized as a second DUI offense because there is no discrete
penalty for a “first” refusal—the penalties are for all violations of § 1201.  Because
a first-offense DUI can be committed in ways other than by refusal, the
first-offense penalty is not rendered meaningless.  See 23 V.S.A. § 1210(b).


 

The other case the dissent specifically relies on is People
v. Ferguson, 547 N.E.2d 429 (Ill. 1989).  In that case, the court
considered whether the victim’s age could be used as a double enhancement—to
both change the severity of the crime and to impose an additional penalty under
a separate statute.  The court concluded that absent a clear legislative
intent, there was no basis to allow the victim’s age to be used as an
additional penalty.  Id. at 434.  

 

Here, there is no attempt to create a double
enhancement.  A prior offense is a prerequisite to the crime of refusal, but the
prior offense enhances the crime only once.  

 

In addition, both of these out-of-state cases involve attempts
to harmonize provisions from different statutory schemes.  In that context,
there is perhaps reason to be hesitant to infer that a legislature foresaw how
the two provisions would interact and to be cautious in interpreting the
statute to allow for an additional penalty.  

 

Here, there is no similar uncertainty.  The definition
of refusal and the penalty provision for successive DUI convictions are part of
the same statutory scheme.  The Legislature specifically indicated that refusal
to submit to an evidentiary test is one means to violate 23 V.S.A. § 1201,
and that subsequent violations of § 1201 result in increased penalties, 23
V.S.A. § 1210.