NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 80

No. 2015-421

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Criminal Division |
| | |
| Jonathan Villeneuve | June Term, 2016 |

James R. Crucitti, J.

Thomas J. Donovan, Jr., Chittenden County State's Attorney, and Pamela Hall Johnson, Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

Paul D. Jarvis of Jarvis, McArthur & Williams, Burlington, for Defendant-Appellant.


PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.


¶ 1. **EATON, J.** Defendant appeals the denial of his motion to seal the record of his 2001 conviction for lewd and lascivious conduct with a child on the ground that the underlying conduct took place prior to his attaining the age of twenty-one. The State concedes that the trial court erred in denying the application based on its conclusion that a conviction for a listed crime as defined in 13 V.S.A. § 5301 is not eligible for sealing under the language of 33 V.S.A. § 5119(g)(2). We reverse and remand.

¶ 2. On December 26, 2001, defendant pleaded guilty to lewd and lascivious conduct with a child. According to the record, the conduct underlying the charge took place in August

2000, when defendant was twenty years old. Defendant successfully completed probation, including sex offender counseling and all other conditions of probation, on June 11, 2004, and received a satisfactory discharge from probation on June 22, 2004. Defendant has had no subsequent criminal convictions.

¶ 3. On September 18, 2015, defendant filed a motion to seal his record pursuant to 33 V.S.A. § 5119(g) on the grounds more that than two years had passed since his discharge from probation and that the event underlying his conviction occurred prior to his reaching the age of twenty-one. The statute reads, in its entirety:

> (g) On application of a person who has pleaded guilty to or has been convicted of the commission of a crime under the laws of this State which the person committed prior to attaining the age of 21, or on the motion of the Court having jurisdiction over such a person, after notice to all parties of record and hearing, the Court shall order the sealing of all files and records related to the proceeding if it finds:
>
> (1) two years have elapsed since the final discharge of the person;
>
> (2) the person has not been convicted of a listed crime as defined in 13 V.S.A. § 5301 or adjudicated delinquent for such an offense after the initial conviction, and no new proceeding is pending seeking such conviction or adjudication; and
>
> (3) the person's rehabilitation has been attained to the satisfaction of the Court.

Id. § 5119(g). The trial court denied the motion because the underlying offense sought to be sealed was a listed crime as stated in 13 V.S.A. § 5301(7). Defendant moved for reconsideration, arguing that § 5119(g)(2)'s bar against listed crimes applies to subsequent offenses and not the conviction for which sealing is sought. The trial court denied the motion to reconsider, stating that it read the statute as barring sealing where the defendant was "either convicted of a listed crime or later convicted after the initial conviction." Defendant appealed.

2

¶ 4. On appeal, defendant challenges the trial court's interpretation of 33 V.S.A. § 5119(g)(2). He argues, and the State agrees, that under § 5119(g)(2), an application to seal the record of a crime committed by a person prior to attaining the age of twenty-one will fail if, after the conviction of an offense committed before the defendant turns twenty-one, he or she has subsequently been convicted of a listed crime as defined in 13 V.S.A. § 5301 or adjudicated delinquent for such an offense. This is a question as to the interpretation and application of a statute, which presents a question of law that we review de novo. State v. Therrien, 2011 VT 120, ¶ 9, 191 Vt. 24, 38 A.3d 1129.

¶ 5. When interpreting a statute, this Court's goal is to effectuate the intent of the Legislature by first looking to the plain, ordinary meaning of the statute. State v. Wainwright, 2013 VT 120, ¶ 6, 195 Vt. 370, 88 A.3d 423 ("As we have repeatedly stated, in interpreting statutes our goal is to implement the intent of the Legislature."). Where the language is plain and unambiguous, we will enforce it according to its terms. Id. (citing State v. Fletcher, 2010 VT 27, ¶ 10, 187 Vt. 632, 996 A.2d 213 (mem.) (stating that where language of statute is plain and unambiguous, Court will enforce it according to its terms)). Although we interpret penal statutes strictly, we will not interpret them "so strictly as to defeat the legislative purpose in enacting the law or to produce irrational and absurd results." Id. (citing In re Jones, 2009 VT 113, ¶ 7, 187 Vt. 1, 989 A.2d 482 (quotation omitted)). "Although we generally apply a rule of lenity, it does not apply if the statutory language is unambiguous." Id. (citation omitted).

¶ 6. This Court has not had occasion to examine the requirement in § 5119(g)(2) that the applicant for sealing "has not been convicted of a listed crime as defined in 13 V.S.A. § 5301 or adjudicated delinquent for such an offense after the initial conviction."* Doing so now, and

---

* We have, however, had occasion to examine a similar requirement in 33 V.S.A. § 5538(e) (repealed in 2009), which governed the sealing of records of court proceedings in

3

reading the section in its entirety, we conclude that the phrase "after the initial conviction" modifies the entire subsection, allowing the sealing of records of a conviction for a crime committed before the applicant turned twenty-one years old as long as he or she has not since been convicted of a listed crime as defined in 13 V.S.A. § 5301 or adjudicated delinquent for such an offense.

¶ 7.     This is especially clear considering § 5119(g) establishes who is permitted to apply to have their record sealed.  Section 5119(g) applies to "a person who has pleaded guilty to or has been convicted of the commission of a crime under the laws of this State which the person committed prior to attaining the age of 21."  Thus, a person who has pleaded to or been convicted of any crime may file such an application.  This language is inclusive to all criminal convictions and does not limit the nature of the initial crime to those that are not listed in 13 V.S.A. § 5301, as the trial court's ruling would require.  It would not make sense to read § 5119(g)(2) to limit the crimes eligible for sealing when the language used contains no such limitation.

¶ 8.     Based on the plain language of § 5119(g)(2), we hold that the trial court's denial was in error.  In considering a petition to seal, the trial court must "determine that defendant committed the crime before turning twenty-one years old, that two years have elapsed since defendant's final discharge, and that defendant has been rehabilitated."  State v. Rosenfield, 2016

---

which a minor was tried and convicted as an adult.  Among the limitations in the statute, subsection (a) required that the applicant had not since been convicted of "a felony or misdemeanor involving moral turpitude."  Id. § 5538(a).  In State v. Rideout, 2007 VT 59A, 182 Vt. 113, 433 A.2d 706, we held that because the defendant had been convicted of a crime of moral turpitude following the initial offense he sought to have sealed, an application to seal the records of those convictions would fail.  Id. ¶ 38.  In a footnote, we noted that due to amendments in 2005, "[t]he revised statutory scheme generally favors the sealing of juvenile records if, after a period of time, the juvenile does not commit a serious crime or offense, while allowing a judge the discretion to deny the sealing if he or she believes the juvenile has not been rehabilitated."  Id. ¶ 38 n.9 (citing 2005, No. 198 (Adj. Sess.), § 1(3) (quotation marks omitted)).

4

VT 27, ¶ 8, ___ Vt. ___, ___ A.3d ___. Because the trial court failed to make findings as to whether defendant has been rehabilitated, we reverse and remand for consideration of that issue.

Reversed and remanded for findings as to whether defendant has been rehabilitated.

FOR THE COURT:

Associate Justice